CHARLES GLISSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 21, 1923.

When a party who is charged with breaking and entering a building with intent to steal is found in possession of goods recently stolen from such building and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of

the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be, not only reasonable, but it must be credible or sufficiently so to raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict upon proof that the building was broken and entered and the evidence furnished by the possession of the stolen goods, even though the State had not put in any proof directly to prove the falsity of the account given.

A Writ of Error to the Circuit Court for Bay County; D. J. Jones, Judge.

Judgment affirmed.

*J. Ed. Stokes,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error and one other were jointly indicted and were convicted of breaking and entering with intent to commit a misdemeanor. On this writ of error it is contended that the verdict of guilty as to the plaintiff in error is not sustained by the evidence.

When a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession unexplained may be sufficient to warrant a conviction of the crime of entering the building with intent to steal.

The guilt of the accused does not follow as a presump-

tion of law from the unexplained possession of the property recently stolen, but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to be considered in connection with all the other circumstances in each particular case.

When a party who is charged with the breaking and entering a building with intent to steal is found in possession of goods recently stolen and directly gives a reasonable and creditable account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be, not only reasonable, but it must be credable or sufficiently so to raise a reasonable doubt in the minds of the jury, who are the judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict upon proof that the building was broken and entered and the evidence furnished by the possession of the stolen goods, even though the State had not put in any proof directly to prove the falsity of the account given.

The finding upon a person of property of such peculiar nature and condition that it can be easily and positively identified which was shortly before stolen from a building by breaking and entering may be by the jury taken as evidence of guilt of the breaking and entering the building with intent to steal, and in the absence of a reasonable and credible account of the possession of the property given by the defendant, the jury may find a verdict of guilty of

breaking and entering the building with intent to steal. Collier v. State, 55 Fla. 7, 45 South. Rep. 752; Thompson v. State, 58 Fla. 106, 50 South. Rep. 507; Tilly v. State, 21 Fla. 242; Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Rimes v. State, 36 Fla. 90, 18 South. Rep. 114.

An appellate court should not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

There is substantial evidence of the finding of some of the stolen goods in the possession of the plaintiff in error at his home and such possession was not satisfactorily explained by the plaintiff in error or by any one else. See Lamps v. State, 51 Fla. 51, 40 South. Rep. 180.

No material or prejudicial errors appearing in the transcript of the record, the judgment is affirmed.

TAYLOR, C. J., AND ELLIS, WEST AND TERRELL, JJ., concur.

BROWNE, J., not participating