292 So.2d 432 (1974)
Michael D. MANN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-534.
District Court of Appeal of Florida, Second District.
April 3, 1974.
*433 James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison, III, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was charged with two counts of breaking and entering a building other than a dwelling house, one with intent to commit a felony and the other with intent to commit a misdemeanor. Following the entering of a not guilty plea, the appellant filed a motion to suppress evidence obtained in a warrantless search of an apartment. After hearing testimony on the subject, Judge David Patterson denied the motion to suppress. Thereupon, the appellant withdrew his plea of not guilty and entered a negotiated plea of nolo contendere reserving the right to appeal the denial of the motion to suppress.
The testimony concerning the legality of the search is inconclusive. The State called no witnesses. At the outset, the Assistant State Attorney announced that the defendant had the burden with respect to his motion and the Assistant Public Defender concurred. Thus, it would appear that the entire hearing was held under the misapprehension that the defendant had the burden of proof with respect to the legality of the warrantless search.
The ultimate burden of proof as to the validity of a warrantless search is on the State. See Jeffers v. United States, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); United States v. Johnson, 425 F.2d 630 (CA 9th 1970). The promulgation of Rule 3.190(h)(3), CrPR, 33 F.S.A., has not relieved the State of this burden. State v. Lyons, Fla.App.2d, 1974, Case No. 73-728. Under these circumstances, we believe the better procedure to follow would be to have another hearing upon the motion to suppress at which time everyone concerned would have a clear understanding of the respective burdens of the parties.
This is a revised opinion upon petition for rehearing. Since we adhere to our original decision, the petition is denied. The judgment is vacated for proceedings consistent herewith.
MANN, C.J., and McNULTY, J., concur.