293 So.2d 385 (1974)
Kenneth A. BICKING, Appellant,
v.
STATE of Florida, Appellee.
No. T-261.
District Court of Appeal of Florida, First District.
April 30, 1974.
Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from an order denying defendant-appellant's motion to suppress the evidence in a marijuana possession case. Following entry of the order denying his motion, appellant entered a plea of nolo contendere to the felony charged against him.
For reversal, appellant relies on the rule enunciated in Mann v. State, 292 So.2d 432, opinion filed January 16, 1974, by the Second District Court of Appeal of Florida, wherein the court held that when an accused moves to suppress evidence obtained through a warrantless search, the State has the burden of proof as to the validity of a warrantless search. In the case at bar, the trial court placed that burden on the defendant.
The cases relied upon by appellant, of which Mann v. State, supra, is only an example, appear to control. When a defendant has shown a warrantless *386 search, he has presented a prima facie case of unreasonableness and has met the burden imposed upon him by Rule 3.190(h)(3), Florida Rules of Criminal Procedure, 33 F.S.A. The burden then shifts to the State to prove a legal search. In addition to the authorities cited in Mann v. State, supra, see also Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.
Accordingly, we reverse and remand for a new hearing on appellant's motion to suppress, in which hearing the State must bear the burden of proof as to the validity of the search involved.
SPECTOR, Acting C.J., and McCORD, J., concur.
BOYER, J., concurs specially.
BOYER, Judge (concurring specially).
I concur in reversal. However, insofar as the above opinion might be construed, procedurally, to relieve a defendant of any obligation other than the filing of a motion to suppress, I disagree.
The Florida Rules of Criminal Procedure became effective in the State of Florida on February 1, 1973. They were formally adopted by an opinion of the Supreme Court of Florida filed December 6, 1972. Accordingly, they constitute the announced opinion of that Court.
Rule 3.190(a), relating to pretrial motions in general, provides that each motion or other pleading "shall state the ground or grounds on which it is based." Subsection (h)(1) of that rule, specifically treating a motion to suppress evidence in an unlawful search, sets forth five grounds upon which an aggrieved defendant may move to suppress evidence.
Rule 3.190(h)(2) provides as follows:
"Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based." (Emphasis added)
It is obvious therefore that the Supreme Court, in adopting said rule, did not anticipate that a defendant might simply move that evidence be suppressed; but instead carefully provided that the motion set forth the reasons for suppression and a general statement on the facts on which the motion is based.
Rule 3.190(h)(3) provides that:
"Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the state may offer rebuttal evidence." (Emphasis added)
The question then arises as to what procedure is to be followed in the hearing on a motion to suppress evidence incident to an unlawful search. The defendant in the case sub judice relies upon Benefield v. State, Fla. 1964, 160 So.2d 706 and Earman v. State, Fla. 1972, 265 So.2d 695. A careful reading of the former reveals no procedural help. In Earman we find the following:
"* * * Once Earman challenged his arrest, the burden of proving its validity as a predicate for the lawful admission for the seized marijuana in evidence, was upon the State. * * *" (at page 697)
I do not construe the above cited language, particularly when it is read in context with the balance of the opinion, to mean that a defendant has sufficiently "challenged his arrest" by merely filing a motion to suppress. Neither does Urquhart v. State, Fla.App.2nd 1968, 211 So.2d 79, cited in Earman, supra, so hold.
It would appear, therefore, and I would so hold, that if a defendant desires to suppress *387 evidence obtained as a result of an alleged unlawful search or seizure, the following procedure should be followed:
The defendant should file a motion pursuant to Rule 3.190(h), F.R.Cr.P. clearly stating the particular evidence sought to be suppressed and clearly stating the reasons for suppression and a general statement of the facts upon which the defendant relies, to wit: facts which if true will demonstrate that the evidence sought to be suppressed is not admissible under the laws of the State of Florida.
A hearing on the motion to suppress should be scheduled in accordance with the appropriate rules at which time the trial judge should consider the allegations of the motion to determine whether the defendant has alleged a proper ground under the law for suppression and whether the allegations of fact contained in the motion are such that if they are found to be true the evidence should be suppressed under the established law of the state. In other words, the trial judge should determine whether the motion "makes out a prima facie case." If the trial judge does not so find then the motion should be denied. On the other hand, if the trial judge finds the motion to be sufficient then he should proceed to hear the motion on its merits.
At the hearing on the merits, which in most instances would be, but need not necessarily be, at the same time as the hearing on the legal sufficiency of the motion, the defendant has the original burden of going forward with the evidence to demonstrate, or prove, the allegations of his motion to suppress. The defendant's evidence must be such as to make out a prima facie showing that the evidence sought to be suppressed is not admissible.
Once the defendant has made out a prima facie case for suppression in support of his ground as set forth in the motion to suppress he need not proceed further. It is not necessary for the defendant to negate every basis or ground upon which the evidence might be admissible; it being sufficient that he only demonstrate by competent evidence the ground or grounds upon which his motion is founded.
At this point in the proceedings if the State fails to offer rebuttal evidence then, if the trial judge finds that the defendant has adduced prima facie proof of the ground or grounds alleged in his motion, the evidence must be suppressed.
If the State offers rebuttal evidence, then at the conclusion of the hearing the trial judge must consider all of the evidence adduced at the hearing and if he finds from that evidence that the evidence sought to be suppressed was illegally obtained under the established law of the state then he should enter an order supressing such evidence, designating with reasonable particularity the evidence so suppressed. On the other hand, if the trial court finds from all of the evidence so adduced at such hearing that the search or seizure giving rise to such evidence was lawful under the established law of the state then he should enter an order denying the motion to suppress.
The following of the above suggested procedure will avoid the problems and confusion which arose in the case sub judice and is in accordance with the holdings in the cases hereinabove cited as well as Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, and Glisson v. State, 85 Fla. 493, 96 So. 840 (1923).
I have not overlooked Mann v. State, Fla.App.2d 1974, 292 So.2d 432. I do not find that the holding of that case conflicts with the opinions herein expressed. It will be noted that there the court recited that "The testimony concerning the legality of the search is inconclusive." However, if the statement contained in that opinion to wit:
"* * * At the outset, the Assistant State Attorney announced that the defendant had the burden with respect to *388 his motion and the Assistant Public Defender concurred. Thus, it would appear that the entire hearing was held under the misapprehension that the defendant had the burden of proof with respect to the legality of the warrantless search."
is construed to mean that the defendant had no initial obligation to make a prima facie showing of the truthfulness of the allegations of his motions; that is, that the defendant could merely file a motion to suppress and then sit back and do nothing, placing the entire burden to proceed upon the State, I would respectfully disagree.