McCORD, Judge
(dissenting).
I agree with the majority opinion that the procedure followed by the trial court on the motion to suppress was not error. The court ruled that the motion to suppress, standing alone without evidence, did not make a prima facie case and required appellants to present evidence. Appellant Shannon, the driver of the automobile, then took the stand and testified to the car being stopped by the officers and that the search was made. The trial court then ruled that appellants had presented a prima facie case, whereupon the state went forward with the evidence to show the legality of the search. Such procedure was in accordance with Rule 3.190(h)(3), F.R.Cr. P., and Bicking v. State, Fla.App., 293 So.2d 385.
I respectfully dissent as to the final point raised by appellants. It is my view that the trial court erred in not granting the appellants’ motion for mistrial upon the legal intern of the state attorney’s office commenting upon the appellants’ failure to take the witness stand in his final argument to the jury. Appellants’ defense was that the marijuana found in the automobile was not shown to be in their possession and control. A third person in the automobile had stated that it belonged to him and it was found in his helmet and under the seat of the car. The legal intern’s comment to the jury in his final argument was as follows:
“ . . . Nobody has come in and said that the marijuana was not theirs. Nobody has come in and said that the marijuana could have been put there by someone else. The only thing that has been said is that these.two men didn’t know. I didn’t know it was there, fifteen bags of it, three bags found in the middle under the driver’s seat.”
The trial judge denied appellants’ motion for mistrial and instructed the jury to disregard the remarks, instructing them that the burden was upon the state to prove the appellant’s guilt beyond and to the exclusion of every reasonable doubt and it was not encumbent upon the defendants to prove their innocence. In my opinion the instruction could not cure the prejudicial remarks. I would reverse for a new trial.