351 So.2d 350 (1977)
Patrick L. ANDRESS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1866.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
On Rehearing November 22, 1977.
James M. Russ and Marshall B. Kapp, Law Offices of James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
NEWELL, EMERY J., Associate Judge.
Defendant was charged in a one count information with possession of marijuana in excess of five (5) grams. Defendant filed a pretrial motion to suppress tangible evidence which was denied by the trial judge. The case proceeded to trial by jury, culminating in a guilty verdict. Subsequently, and after post-trial motions were denied, the Court entered its order withholding adjudication of guilt and placing defendant on probation for four years.
At the pre-trial hearing on the motion to suppress evidence, the defendant alleged a warrantless search and contended that this was sufficient to place the burden of producing evidence to justify that search upon the State. The trial court rejected this argument stating it was the defendant's motion and his obligation to proceed. No evidence was presented by the State or the defendant at this motion hearing.
This specific question was considered in State v. Hinton, 305 So.2d 804 (Fla.4th DCA 1975), wherein it was held the burden of sustaining the search shifted to the State once the defendant presented a prima facie showing of a warrantless search. See, too, Bicking v. State, 293 So.2d 385 (Fla.1st DCA 1974), and Mann v. State, 292 So.2d 432 (Fla.2d DCA 1974). The Hinton case further held it was not necessary for defendant to introduce testimonial or documentary evidence with respect to the nonexistence of a warrant in the court file  that the court is able to take judicial notice of this fact. It was, therefore, a mistake for the trial court to rule that the defendant had the burden of proving that the warrantless search was invalid. Because of this mistake, the trial court should, upon remand, hold another hearing on the motion to suppress. Mann v. State, supra.
Defendant further alleges error on the part of the trial judge in denying his requested jury instruction on scienter or knowledge. The denied instruction was:
"That he knew he had possession of cannabis; that he knew the material he possessed was cannabis, and that he knew the cannabis was in excess of five grams by weight."
We agree defendant was entitled to an instruction that an essential element of the offense was knowledge by the defendant that the material he possessed was marijuana. See Cohen v. State, 125 So.2d 560 (Fla. 1960); Hilding v. State, 291 So.2d 111 (Fla.4th DCA 1974); Rutskin v. State, 260 So.2d 525 (Fla.1st DCA 1972) and Schaufele v. State, 269 So.2d 400 (Fla.4th DCA 1972). Though Cohen involved the sale of obscene material, it was held that the defendant *351 must have had knowledge of the obscene character of the periodical.
We are not persuaded, however, that a proper instruction on scienter should include knowledge of the weight of the contraband marijuana. Appellant does not argue this specific point in his brief nor does he offer any citations. We believe an analogy may be drawn between the value of property in larceny cases (of which there are many reported) and the weight of marijuana. Clearly the State must prove the value of stolen property to be $100.00 or more in order to sustain a verdict of grand larceny; but we are aware of no authority for the proposition that the defendant must know the value of the stolen goods at the time of taking. Is there any more reason that it must be shown he knows the weight of marijuana possessed? We think not and conclude that the jury instruction was too broad as requested and should have been given only with respect to defendant's knowledge of the material possessed.
Accordingly, the order under review is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
CROSS and DOWNEY, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
On May 20, 1977, we published an opinion reversing the judgment and sentence of the trial court upon the ground that the wrong burden of proof had been applied during a suppression hearing. However, the opinion went on to point out that the trial court should have instructed the jury that in order to convict a person of possession of cannabis it was necessary for the state to prove the defendant knew the substance was, in fact, cannabis.
Upon Petition for Rehearing the State has convinced us that we should withdraw that part of our opinion having to do with knowledge that the substance possessed was cannabis. On the record presented to us we conclude that appellant's second point on appeal fails to demonstrate error.
Accordingly, the Petition for Rehearing is granted. This court's opinion of May 20, 1977, is modified so as to eliminate therefrom that part of the opinion beginning on page 350 with the fourth full paragraph and continuing through the end of the opinion on page 351.
We also believe the proper disposition of the case is to reverse the judgment and sentence appealed from and remand the cause for a new suppression hearing and a new trial. Land v. State, 293 So.2d 704 (Fla. 1974).
REVERSED AND REMANDED.
CROSS and DOWNEY, JJ., and NEWELL, EMERY, J., Associate Judge, concur.