383 So.2d 295 (1980)
Robert BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. LL-178.
District Court of Appeal of Florida, First District.
May 7, 1980.
*296 J. Craig Williams of Williams & Stapp, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
MILLS, Chief Judge.
Robert Black challenges his conviction for armed robbery on four grounds: the trial court improperly denied his motions to suppress fingerprint evidence and analysis and to compel disclosure of fingerprint evidence, improperly denied discovery of certain police reports, failed to enforce a stipulation, and refused to grant a mistrial because of improper comments by the prosecutor during closing argument. We affirm.
After an armed robbery of a department store in Jacksonville, the police linked Black to the crime by comparing fingerprints found at the scene with fingerprints in their possession. Black filed a motion to compel the State to disclose and furnish the fingerprint evidence and a motion to exclude (suppress) the fingerprint analysis and latent and inked fingerprints. Both motions were denied.
Black contends that the trial court erred by placing the burden on him to prove issues raised in the motion to suppress and in refusing to allow him to discover documents he claims were material to the motion.
Considering the second aspect first, the record reveals that the motion to compel was directed to the fingerprint evidence intended to be used by the State at trial and by the experts in their analysis and comparison and that the evidence requested was provided. On appeal, Black urges that the original fingerprint card which was used to identify him should have been disclosed. The original fingerprint card was not used by the State at trial, nor was it used by the experts; thus, we decline to rule on this point since it was not properly presented to the trial court and preserved for appeal.
Regarding the burden of proof aspect of the first point on appeal, we note first of all that Black states in his brief that he alleged in his motion to suppress that the fingerprints on file had originally been seized as the result of an illegal arrest. The record, however, does not support this claim. The motion alleged, in pertinent part, only that the fingerprints "had been obtained from a prior encounter with the sheriff's office or an arrest" and "upon being arrested on a previous occasion."
*297 This case is controlled by this Court's opinion in Sykes v. State, 329 So.2d 356 (Fla. 1st DCA 1976), which held that the motion itself was deficient for failure to allege that the prior arrest at which time the fingerprints were obtained was illegal and, therefore, the denial of the motion to suppress was proper.
Furthermore, it should be noted that the case of Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), does not hold that every time an arrest is illegal the fingerprints taken at the time must be suppressed, but requires the defendant to show that the arrest is the result of overreaching governmental misconduct. Where a motion to suppress an illegal search is at issue, the burden is on the moving party to make an initial showing that the search was invalid. Only when that initial showing is made does the burden shift to the State to prove that the search is valid. State v. Lyons, 293 So.2d 391 (Fla. 2d DCA 1974). See also Bicking v. State, 293 So.2d 385 (Fla. 1st DCA 1974). Black having failed to make the initial showing of invalidity, the trial court properly denied his motion to suppress.
The second pretrial ruling challenged concerns disclosure of police reports. The motion to compel the disclosure of certain police reports which contained descriptions of the perpetrator of the offense given by the victims to the police alleged that the reports were substantially verbatim recitals of oral statements made which were recorded contemporaneously, discoverable under Rule 3.220(a)(1)(ii), Fla.R.Crim.P., and further alleged they contained information tending to negate his guilt, discoverable under Rule 3.220(a)(2), Fla.R.Crim.P. The trial court denied the motion.
Though we find no merit in the latter allegation, we do find merit in the former. The inquiry by the court to the State was limited to the question of whether there was any information tending to negate guilt; there was no inquiry concerning whether the police report contained substantially verbatim recitals or oral statements which were recorded simultaneously. The failure to make such an inquiry and, if the allegation by Black was found to be true, to allow discovery of the relevant police reports was error. Rule 3.220(a)(1)(ii), Fla.R.Crim.P.; State v. Dumas, 363 So.2d 568 (Fla. 3d DCA 1978). The State's reliance on Glow v. State, 319 So.2d 47 (Fla. 2d DCA 1975), in this regard is misplaced, for there the State contested the motion to compel only with regard to the claim that some reports contained exculpatory material; the State expressly agreed to supply those portions of the reports which constituted substantially verbatim statements of witnesses for the State.
We find, however, that the error here was harmless. The report sought by Black contained descriptions of the perpetrator of the offense given by the victims to the police. Though Black was not allowed to see the actual police reports, the record reveals that he was able to discover the information by deposing the officer to whom the victims gave the descriptions. Furthermore, even had Black been unable to discover the information concerning the victims' descriptions so as to be able to use that information in cross-examining those witnesses at trial, the evidence supporting the finding of guilt, such as fingerprints, was so great that the failure to discover the information at issue here would not have been harmful error.
Black's third point, that the trial court erred in not enforcing a stipulation, is without merit. Our review of the record concerning the relevant motion to suppress, the stipulation which was entered into by the State, and the evidence Black wanted excluded reveals that the evidence objected to was not within the terms of the stipulation and there was no error.
As for the final point on this appeal concerning the trial court's failure to grant a motion for a mistrial on the ground that the prosecutor made allegedly improper comments, Black has not established that the comments made by the prosecutor were so prejudicial as to require a mistrial.
*298 Accordingly, we affirm the judgment and sentence.
McCORD and SHIVERS, JJ., concur.