LETTS, Chief Judge.
The State appeals a discharge granted under the speedy trial rule because an earlier trial court’s order extending speedy trial (so the State could appeal) was entered (1) ex parte, and (2) prior to the actual filing of the notice of appeal. We reverse on both issues.
This is one of those instances where resourceful lawyers have successfully fought off drug charges against their clients for nearly three years without the matter ever coming to trial. It all began when the defendants were charged with criminal conspiracy to deliver cannabis in excess of one hundred pounds. At that time, the defense successfully persuaded the trial judge as to the unconstitutionality of one of the statutes involved and the information was dismissed. The dismissal was appealed directly to the Supreme Court by the State and the trial judge’s ruling was reversed and the cause remanded. See State v. Allen, 380 So.2d 1035 (Fla.1980).
The foregoing factual recitation also provided the scenario for the instant appeal inasmuch as the State, pursuant to the for *510 mer appeal, secured an extension of speedy trial time in order to apply for relief in the Supreme Court which it did with complete success. Upon remand from the Supreme Court the defense then attacked the extension, long since obtained to facilitate the former appeal to the Supreme Court, upon the premise that it was obtained (1) ex parte, and (2) prior to the actual filing of the notice of the original appeal to the said Supreme Court. Once again the trial court agreed with the defense and granted the motion for speedy trial discharge. Once again the State now appeals the trial court’s ruling, this time to the district court and once again the State wins on appeal.
Considering the points now before this court, we hold first that no error was committed in granting the extension ex parte under the instant set of facts.
The defendants contend that the time was not validly extended because dismissal of an information is not an exceptional circumstance pursuant to Florida Rule of Criminal Procedure 3.191(d)(2)(H) which appears to permit the court to extend the speedy trial rule time on an ex parte motion. However in the last few days our Supreme Court, in State v. Carter, 397 So.2d 679 (Fla.1981), determined that the State’s appeal of a trial court’s ruling which abated a case pending a Supreme Court decision on whether a statute is unconstitutional is an exceptional circumstance. We feel the same result pertains here. This conclusion is supported by another Supreme Court case, State ex rel. Girard v. McNulty, 348 So.2d 311, 312 (Fla.1977) where the court upheld the right of appeal from the dismissal of an information and remarked: “the extension order is valid despite its ex parte nature.”
Turning next to the question of which comes first, the extension order or the notice of appeal, we are of the opinion that the latter need not precede the former.
It is true that Florida Rule of Criminal Procedure 3.191(d)(2) might appear to presuppose an appeal already filed, but we agree with the State that there is no rule or statute which requires that the notice of appeal be filed prior to the motion for an extension, nor can we perceive any reason why it should. The State will still have to timely file the appeal and we can discern no prejudice to the defendant. Nor are we unmindful of the very purpose of the speedy trial rule. It is supposed to prevent unfortunate defendants from languishing in jail and we will not subvert its purpose to promote those accused of crime from escaping the day of reckoning, unless, of course, we are specifically so directed by the rules or decisions handed down to us from our highest court.
Case law also supports this view. Most recently the Third District in State v. Jogan, 388 So.2d 322 (Fla.3d DCA 1980) saw no barrier to an extension before the notice of appeal. Moreover the Supreme Court in State v. Barnett, 366 So.2d 411 (Fla.1978), indicated that “the extension of the speedy trial limits during the pendency of appellate proceedings is similar to the provision in Florida Appellate Rule 9.310, authorizing stays pending appellate review.” At 416 note 6. Since Florida Appellate Rule 9.310 does not require the filing of a notice of discretionary review prior to a motion for staying the mandate, the State contends that any speedy trial extension order should likewise be held in abeyance until the filing of the notice of appeal. We agree and note that, if the appellate court dismisses the notice of appeal, the extension order would, under its terms, be dissolved.
Accordingly, we hold the defendant has not demonstrated that his right to a speedy trial was prejudiced by the granting of the extension motion prior to filing the Notice of Appeal. State v. Jenkins, 389 So.2d 971 (Fla.1980).
The trial court is herewith reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
DOWNEY and MOORE, JJ., concur.