## STATE OF FLORIDA v KENNEY

### Case No. 86-141-AC (County Court Case No. 21443BF)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 20, 1987

**APPEARANCES OF COUNSEL**

**Janet Reno,** State Attorney, and **Leslie Rothenberg,** Certified Legal Intern, for appellant.

**David A. Russell** for appellee.

Before HENDERSON, SALMON, ROBINSON, JJ.

## OPINION OF THE COURT

SALMON, J.

The appellee, defendant below, was charged by Uniform Traffic Citation with driving under the influence. He pleaded not guilty and requested a jury trial. Prior to trial, the appellee filed a motion to suppress the results of the blood alcohol test on the grounds that the breath sample was improperly procured because the log kept on the Indium Crimer Device, a device which collects the breath sample, was not an authorized HRS form. The appellee's only witness testifying as to what is an approved HRS form was not affiliated with HRS. The State objected to the defense's witness testifying and the trial court sustained the objection ruling that only HRS personnel could testify as to whether the form used was an approved HRS form. The trial court, without the appellee having met its initial burden of establishing an irregularity in the proceeding, then shifted the burden of proof to establish the validity of the form to the State. The trial court, after conceding that no evidence was presented, granted the appellee's motion to suppress the results of the blood alcohol test.

The State now claims that the trial court erred in shifting the burden of proof to establish the reliability of the procedure to the State, and that the trial court erred in finding that the State used an unapproved log for securing information from the Indium Crimper Device.

In the case of *Black v. State*, 383 So.2d 295 (Fla. 1st DCA 1980), the court held that when a motion to suppress is at issue, the burden is on the moving party to make an initial showing that an irregularity occurred. Only when that initial showing is made does the burden shift to the State to prove that the procedure is valid. In the instant situation, appellee was not challenging his arrest, but the procedure used in administering the test. As such, the burden of proof to make the initial showing of irregularity remained with appellee, and the trial court erred in shifting said burden in finding that the State used an unapproved log for securing information from the Indium Crimper Device. In *State of Gendreau*, 19 Fla.Supp. 2d 156 (11th Jud. Cir., Dade County, 1986), the court held that there is no requirement to keep a log on the Indium Crimper Device. Since there was no requirement to keep a log on such device, it could not have been error to keep the wrong log.

The decision granting the appellee's motion to suppress the results of the blood alcohol test is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.