PER CURIAM.
This is an appeal by the juvenile D.G. from an adjudication of delinquency for grand theft, burglary of a conveyance, and malicious mischief. The sole point on appeal is that the trial court erred in denying a defense motion for judgment of acquittal. We disagree and affirm.
*296 It is well settled in Florida that a person’s unexplained possession of recently stolen property gives rise to a permissible factual inference that the person in possession of such property is guilty of larceny or theft of the subject property, see Cone v. State, 69 So.2d 175 (Fla.1953); Byrd v. State, 146 Fla. 686, 689, 1 So.2d 624, 626 (1941); Bargesser v. State, 95 Fla. 401, 116 So. 11 (1928); Burroughs v. State, 221 So.2d 159, 160 (Fla. 2d DCA 1969); moreover, if the recently stolen property was taken in a burglary, it may also be inferred, in absence of a reasonable explanation, that the exclusive possessor of said stolen property is guilty of the burglary. See State v. Young, 217 So.2d 567, 570 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); Glisson v. State, 85 Fla. 493, 96 So. 840 (1923); N.C. v. State, 478 So.2d 1142, 1144 (Fla. 1st DCA 1985); Ridley v. State, 407 So.2d 1000, 1001 (Fla. 5th DCA 1981); Estevez v. State, 290 So.2d 138, 139 (Fla. 3d DCA 1974).
In the instant case, the juvenile D.G. was arrested driving the complainant’s automobile without the complainant’s permission within twenty-four hours after the automobile had been stolen. The automobile showed signs of forced entry and physical damage thereto. The juvenile D.G. offered no explanation for his possession of the stolen' automobile or the damage thereto, either to the arresting officer or at trial. It is therefore plain that the trial court was permitted on this evidence to infer that the juvenile D.G. was guilty of theft and burglary of the automobile based on the above-stated authorities. We also think that the trial court was permitted on this record to infer that the physical damage to the automobile was done during the subject burglary, and that, accordingly, the juvenile D.G. was also guilty of malicious mischief.
Affirmed.