BASKIN, Judge.
The state appeals an order suppressing evidence obtained when defendant was stopped and frisked by police. The trial court granted the motion after the state failed to produce the arresting officer to testify at the suppression hearing. We affirm.
Castor Segundo Fortesa-Ruiz was arrested for possession of rock cocaine. On October 28, 1988, Fortesa-Ruiz filed a motion to suppress evidence. The trial court scheduled a hearing on the motion for November 21, 1988. On November 2, 1988, the trial court held a hearing which we set out in its entirety:
MR. SCHWARTZ [Fortesa-Ruiz’s attorney]: We have a motion to suppress dated prior to trial date to hear the motion [to suppress].
THE COURT: How long?
MR. SCHWARTZ: Quick. I filed it about a week or so ago.
MR. ROBERTS [state attorney]: We have a notice of hearing.
THE COURT: November 7th. State, have all of your witnesses. Joint continuance to November the 9th.
The state did not object to the resetting of the hearing on the motion to suppress; it merely observed that the hearing had originally been set on another date. The state neither advised the court that it would have difficulty rescheduling its witness, nor informed the court that its witness would be unavailable on November 7th. On November 7th, however, counsel for the state informed the court that he had been unable to prevent the witness subpoena from issuing for November 21st. The trial court stated that the witness should have appeared because counsel was present when the court had rescheduled the matter the week before. The state did not request that the hearing be rescheduled. The trial court then granted the motion to suppress.
Under the fourth amendment of the United States Constitution, a warrantless search is deemed unreasonable, and evidence it yields inadmissible, unless the state establishes the reasonableness of the questioned search. Coolidge v. New *1181 Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). In the case before us, the state had five days to obtain witnesses but did not meet its burden or request a postponement. After declaring the motion legally sufficient, the trial court ruled on the merits of the motion in accordance with existing law.
Finding that the state failed to rebut defendant’s prima facie showing that the evidence obtained as a result of an unlawful stop and frisk was inadmissible, we affirm the trial court’s suppression of the evidence.[1] See State v. Williams, 538 So.2d 1346 (Fla. 4th DCA 1989); Irons v. State, 498 So.2d 958 (Fla. 2d DCA 1986); Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981); Black v. State, 383 So.2d 295 (Fla. 1st DCA), review denied, 392 So.2d 1371 (Fla.1980); Andress v. State, 351 So.2d 350 (Fla. 4th DCA 1977).
Affirmed.

. Contrary to the dissenter’s comments that the state was precluded from presenting its witness and that the trial court’s ruling was tantamount to a dismissal, op., page 1182, the record demonstrates that the state had ample opportunity to present its witness and failed to do so or to request a continuance.