# STATE OF FLORIDA v PARKER

### Case No. 89-0061 AC (A) 02

Fifteenth Judicial Circuit, Palm Beach County

November 9, 1990

## APPEARANCES OF COUNSEL

**David H. Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellant.

**T. G. Brown,** Brown Olson & Hanson, P.A., for appellee.

Before CARLISLE, WENNETT, MOUNTS, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant was charged with driving under the influence of alcohol in

violation of § 316.193, Florida Statutes (2987). The trial court granted two motions to suppress the test results of blood samples and the State appealed.

It is difficult to ascertain the facts from the skimpy record. However, it appears that the defendant's blood was drawn into unlabeled vials and that these vials were then placed into a box that was sealed and marked with the defendant's name and case number. The trial court granted the defendant's Motion To Suppress, reasoning that since the vials were unlabeled the state could not prove the blood was drawn from the defendant.

Florida Statutes § 316.1933(2)(b) requires that chemical analysis of a person's blood be performed substantially in accordance with methods approved by the Department of Health and Rehabilitative Services (HRS). Under the facts presented to us, we find from the record that the blood contained in the sealed box was the defendant's. Although it would have been better practice to label the actual vials, the sealed box provided substantial compliance with the regulations.

In passing, we note that where a motion to suppress is at issue the burden is on the moving party to make an initial showing that the search was invalid, and only when the showing is made does the burden shift to the state to prove its search is valid. *Black v State*, 383 So.2d 295 (Fla. 1st DCA 1980). Here, the lower court erroneously required the State to disprove allegations of lack of compliance thereby prematurely shifting the burden of proof from the defendant to the State. Rule 3.190(h)(3), Fla.R.Crim.P.

In accordance with the foregoing, we find the evidence was sufficient to have the issue presented to the jury.

Reversed and remanded.

CARLISLE, WENNET and MOUNTS, JJ., concur.