FRANK, Chief Judge.
The state has appealed from an order dismissing the information entered following the denial of the state’s request for a continuance. The state sought the continuance to allow it to arrange for the victim to return from Minnesota to testify at trial. The state’s request came on the date trial was scheduled to begin. At that point, Soles had already received four continuances and had waived speedy trial. In an effort to move the case along, the trial judge asked the state to commence prosecution with the available evidence, but the state pressed to have the case set later in the month, still within the speedy trial time. The assistant state attorney would not go forward to trial and the trial court granted Soles’ oral motion to dismiss. The trial court erred.
The record reveals no conduct engaged in by the state to abandon the prosecution, no willful or deliberate tactics designed to delay the proceeding and no prejudice to Soles by granting a continuance. A few days would not have violated the defendant’s entitlement to a speedy trial. “Dismissal is a very harsh remedy to impose upon the State and is reserved for those instances where no viable alternative exists.” State v. Fortesa-Rwiz, *63 559 So.2d 1180 (Fla. 3d DCA) (Gersten, J., dissenting), rev. denied, 559 So.2d 1180 (Fla. 1990). See also State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980) (holding that the trial court should have denied the state’s motion for continuance, and if the state failed to prove its ease because of the unavailability of a witness, a directed verdict should have been entered). As in Hamilton, the trial court had alternatives to dismissal, such as denying the motion for continuance and requiring the state to proceed. The state could have then gone to trial with its available evidence or terminated the prosecution, retaining the right to refile after securing the witness. See State v. Ottrock, 573 So.2d 169 (Fla. 4th DCA 1991).
After the trial court entered its written order of dismissal the state filed a motion to extend speedy trial pending appeal. On the following day the state filed its notice of appeal from the order of dismissal. The trial court then held a hearing on the speedy trial motion and granted the state’s motion to extend speedy trial time for ninety days. Soles then filed a notice of cross appeal, claiming that the court was without jurisdiction to enter the speedy trial order. We affirm the order extending speedy trial.
Rule 3.191(i)(4), Florida Rules of Criminal Procedure, provides that speedy trial time may be extended by written order of the court to permit an appeal by the state. The trial court was not divested of jurisdiction to enter the order, even though the state had filed its notice of appeal. Rule 9.600(a), Florida Rules of Appellate Procedure, provides that before the record is transmitted, the lower tribunal has concurrent jurisdiction with the appellate court to render orders on procedural matters. See Luhrs v. State, 394 So.2d 137 (Fla. 5th DCA 1981). Speedy trial extensions are permissible either before or after the filing of the notice of appeal. State v. Reitano, 398 So.2d 509 (Fla. 4th DCA 1981).
Accordingly, we reverse the order of dismissal and on the cross appeal we affirm the trial court’s order enlarging the speedy trial period. This matter is remanded to the trial court for further proceedings consistent with this opinion.
RYDER and THREADGILL, JJ., concur.