PALMER, J.
The State of Florida appeals the trial court’s order granting Keith Gay’s motion to suppress the fruits of an allegedly illegal search. Since the motion to suppress failed to allege that an illegal search had occurred, let alone that any fruits of a search were seized as a result thereof, we reverse.
Gay was charged with committing the crimes of fleeing a law enforcement officer, resisting an officer without violence, and driving while license suspended. He filed a pretrial motion to suppress “any an all evidence, tangible and intangible, discovered, observed or otherwise gained pursuant to an illegal search of the defendant’s premises.” However, the motion alleged no facts concerning a search. The motion only addressed events which precipitated Gay’s arrest. Specifically, the motion alleged the following facts:
On March 18, 2001 Deputy Andrew B. Heard of the Orange County Sheriffs Office observed a 1987 Maroon Cadillac *154 bearing Florida tag number C50-FPB, exiting out of the Rosewood Apartment Complex traveling Westbound on Lee Road. Deputy Heard proceeded to follow the vehicle and ran the license plate, which came back registered to the defendant Keith Gay. The computer check also showed that the registered owner of the vehicle had a suspended license for failure to pay a traffic fíne. Deputy Heard activated his emergency lights and proceeded to pursue Mr. Gay to conduct a traffic stop. The driver of the car made a U-turn back into the Rosewood Apartment Complex, and entered apartment # 8B. Deputy Heard then ordered Mr. Gay to the ground and he refused. Mr. Gay then entered his apartment and began talking on the phone. Sgt. Appleby told Mr. Gay he was under arrest and to come outside. Sgt. Appleby then entered the window and arrested Mr. Gay.
Rule 3.190 of the Florida Rules of Criminal Procedure provides:'
Rule 3.190 Pretrial Motions
* * *
(h) Motion to Suppress Evidence in Unlawful Search.
(1) Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
(A) the property was illegally seized without a warrant;
* * *
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
Here, Gay filed a motion to suppress unspecified evidence, alleging simply that suppression was warranted for “all statements made by him, his identity, any observations made by law enforcement, and any testimony concerning the status of his driving privilege.” While the motion alleged that the evidence was seized pursuant to an unlawful search of Gay’s premises, it failed to supply any facts concerning a search. Notably, the motion failed to describe when, how, and by whom the search was conducted. Also, the motion raised no challenge to the legality of Gay’s arrest.
At the suppression hearing, the trial court ruled, as a matter of law, that the burden of proof had shifted to the State to prove the legality of the allegedly improper search once Gay filed his motion and the court took judicial notice of the fact that no search warrant was contained in the court file. To support this ruling, the court relied upon case law which generally states that when no search warrant has been issued, the State has the burden, on a motion to suppress, to establish that the evidence sought to be suppressed was obtained lawfully. See State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995); State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975); Bicking v. State, 293 So.2d 385 (Fla. 1st DCA 1974).
Although this case law accurately states the current law, the trial court extended the general rule too far by failing to require Gay to allege or prove that a search had in fact taken place. In filing a motion to suppress the defendant undertakes the burden of making an initial showing that the evidence at issue was obtained by the government as a result of a search or seizure. Andress v. State, 351 So.2d 350 (Fla. 4th DCA 1977). Bare allegations set forth in the motion, unsupported by proof, are insufficient to sustain this burden. Williams v. State, 640 So.2d 1206 (Fla. 2d DCA 1994). See also State v. Dodd, 396 So.2d 1205 (Fla. 3d DCA *155 1981)(explaining that on threshold question as to the existence of a search or seizure, defendant, not the State, bears initial burden of proof; a showing that a seizure, once established, was effected without warrant raises presumption of illegality which then shifts burden to the State to show otherwise).
REVERSED.
SHARP, W., and ORFINGER, R.B., JJ., concur.