953 So.2d 778 (2007)
Joel MILES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-80.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant *779 Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Miles' conviction for possession of cocaine. The record fails to support the trial court order denying his motion to suppress.
Miles was a passenger in a car stopped for a traffic violation. A check of Miles' identification revealed the existence of an outstanding warrant for his arrest, which Miles now claims was resolved, in open court, prior to the date of the stop. Miles was arrested, taken into custody, and a search revealed he possessed cocaine.
The trial court found that the officer had confirmed there was an active warrant and acted in good faith. The testimony reflects that after the initial records check disclosed that Miles had an active warrant for his arrest, the officer waited until the warrant was "confirmed" before taking him into custody.
Miles testified that in 2003, he was issued a ticket for driving on a suspended license, but claims it was subsequently dismissed in open court. As to this issue, the only documentary evidence submitted to the court is illegible.
The initial burden on a motion to suppress an illegal search is on the defendant to make an initial showing that the search was invalid. When that prima facie showing is made, however, the burden shifts to the state to prove that the search is valid. Black v. State, 383 So.2d 295, 297 (Fla. 1st DCA 1980). See also Andress v. State, 351 So.2d 350 (Fla. 4th DCA 1977); Palmer v. State, 753 So.2d 679 (Fla. 2d DCA 2000); State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995).
In Arizona v. Evans, 514 U.S. 1, 3, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995), the court recognized that the exclusionary rule does not require suppression of evidence if an officer acts in reliance on police records which indicate the existence of an outstanding arrest warrant, even if that warrant is later determined to be invalid and the error is attributable to court personnel. The court determined that there is no reason to apply the exclusionary rule to prevent clerical mistakes by court personnel. Id. at 15-16, 115 S.Ct. 1185. The court declined to address whether suppression would be required if police personnel were responsible for the error. Id. at 16 n. 5, 115 S.Ct. 1185.
In State v. White, 660 So.2d 664, 665 (Fla.1995), the defendant was stopped for a traffic offense; a police officer discovered there was an outstanding arrest warrant for the defendant. The officer confirmed the existence of the warrant, arrested the defendant, and discovered contraband. Id. After the officer transferred the defendant to the sheriff's office, a review of the hard copy of the warrant showed it had been served four days prior to the defendant's arrest. Id. The error resulted from an incorrect showing in the computer in the sheriff's office. Id. at 666. The court concluded that the good faith exception was not applicable where "it was within the collective knowledge of the sheriff's office that the warrant was void." Id. at 668. The court reasoned that "[s]uppression of evidence seized pursuant to police computer error will encourage law enforcement agencies to diligently maintain accurate and current computer records." Id. at 667 (footnote omitted).
In Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003), quashed on other grounds, 926 So.2d 1139 (Fla.2006), we recognized that White did not preclude application of the good faith exception where the mistake in the validity of a warrant was not attributable to the police. *780 The state asserts that such appears to be the case here, as the officer "confirmed" that the warrant was outstanding. The state introduced no evidence to refute Miles' claim that the warrant was dismissed, but argued that the error, by inference, must be that of the clerk of court. The state reasons that since Miles says he turned himself in, bonded out, and appeared in open court, apparently incident to a related charge, the warrant was not served, and the clerk failed to notify law enforcement to delete the warrant.
We recognize that the order should be upheld if the mistake, if any, was attributable to the trial court clerk or judiciary. Here, it simply is not clear that this is the case. The burden, however, is on the state. We conclude that the state has failed to meet its burden, as the state has failed to show that the error was not attributable to law enforcement.
As to all other issues raised, we find no reversible error or abuse of discretion. We, therefore, reverse the conviction and remand for further proceedings.
FARMER and MAY, JJ., concur.