COHEN, J.
The State appeals the order granting Tomesia Mobley’s motion to suppress certain drugs obtained from her purse. The unsworn motion alleged the drugs were obtained through a warrantless search and without consent.
A hearing on the motion was initially set for September 13, 2011, and the State moved to continue the hearing when the arresting officer did not appear. Mobley was also not present for this hearing. At the hearing rescheduled for October 17, the arresting officer once again failed to appear. This time, however, Mobley was present. Her counsel noted her presence and stated, “I would put on the record, too, this is a warrantless search. So the burden would be on the State.” At no time did the defense seek to present any testimony to meet its initial burden of establishing a Fourth Amendment violation. *125 The court deferred ruling and reset the hearing for October 19.
At the October 19 hearing, neither Mob-ley nor the arresting officer appeared. Defense counsel argued, “My client was here on Monday. The — the [c]ourt recognized on the record that we could establish standing. She was sitting back there. And once we’ve established standing, there’s no warrant, the burden shifts to the State.” Satisfied that standing was not at issue and that a warrantless search occurred, the trial court granted the motion to suppress based on the State’s failure to present rebuttal evidence.
On appeal, the State argues Mobley did not satisfy her initial burden of showing a warrantless search occurred.[1] The proponent of a motion to suppress carries the initial burden of establishing a violation of the Fourth Amendment. Raleas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). This is reflected in the provisions of rule 3.190(g)(3), Florida Rules of Criminal Procedure, which require the defense to present evidence in support of the motion, after which time the State may offer rebuttal evidence. The initial burden requires the defense to make some showing that a search occurred and was invalid. Miles v. State, 953 So.2d 778, 779 (Fla. 4th DCA 2007); State v. Gay, 823 So.2d 153, 154 (Fla. 5th DCA 2002). Allegations in the motion to suppress are not evidence and will not shift the burden to the State. Likewise, the defendant’s mere presence in the courtroom is- not sufficient to meet the initial burden.
While the record is unclear, it appears the trial court, sua sponte, took judicial notice of the absence of a search warrant in the court file.[2] Judicial notice is governed by the evidence code. Specifically, section 90.201, Florida Statutes (2011), sets forth matters which must be judicially noticed, and section 90.202 provides matters which may be judicially noticed. Section 90.202(6) includes records of any court of this State or of any court of record of the United States or of any other state, territory, or jurisdiction of the United States. Sections 90.203 and 90.204 provide the procedure to be followed in taking judicial notice pursuant to section 90.202, including when the trial court elects sua sponte to take judicial notice. Neither the parties nor the court complied with those procedures.[3]
*126 We are not unsympathetic to the trial court’s frustration with the State’s inability to produce a witness on three separate occasions. Had the defense met its initial burden at the October 17 hearing by presenting evidence, the trial court would have been well within its discretion to grant the motion to suppress based upon the State’s failure to present rebuttal evidence. See, e.g., State v. Fortesa-Ruiz, 559 So.2d 1180 (Fla. 3d DCA 1990). On remand, Mobley should be allowed another opportunity to set a hearing on her motion to suppress.
REVERSED AND REMANDED.
SAWAYA and LAWSON, JJ., concur.

.On appeal, the parties also raised the matter of standing. Mobley argues the State did not dispute standing below, presumably referring to the prosecutor’s comment, "Your honor, Ms. Mobley was here, which is sufficient to— to have standing.” This argument, however, takes the prosecutor’s comment out of context. The prosecutor followed that comment with, "However, again, there was nothing put into [ejvidence at this point, so the — so the burden simply was not shifted.” We find the prosecutor’s comments did not constitute a stipulation to Mobley’s standing because what the prosecutor indicated was the fact that the defense offered no testimony or evidence to support its position. The trial court’s reliance upon cases in which standing was not in issue was misplaced.

. At the October 19 hearing, Mobley’s counsel represented that she had earlier requested the court take judicial notice of the absence of a search warrant within the court file. A review of the transcript of the October 17 hearing reflects this was not accurate. While Mobley’s counsel noted the search was war-rantless, no request to take judicial notice was made. The trial court seemed to adopt this error when delivering its ruling, incorrectly noting that the defense asked the court to take judicial notice of the court file. While common experience tells us in the instant case the deputy did not possess a search warrant, as a general proposition, the absence of a warrant within a court file does not equate to the absence of a warrant for a search.

. There is some authority for the trial court’s belief that the absence of a search warrant in *126 the court file meets the defendant's initial burden. See State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975). We do not reach the merits of this argument for the reasons outlined above.