IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

      Case No.  5D21-2026
      LT Case No. 2018-CF-10448-D

YAHAIRA MOJICA PHIPPS,

      Appellee.

_____/

Opinion filed August 5, 2022

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Ashley Moody, Attorney General, Tallahassee,
and Kristen L. Davenport, Assistant Attorney
General, Daytona Beach, for Appellant.

Donald A. Lykkebak, Winter Park, and Lisabeth
J. Fryer, and Laura L. Cepero, of Lisabeth J.
Fryer, P.A., Sanford, for Appellee.


HARRIS, J.

      The State of Florida appeals the trial court's order granting Appellee

Yahaira Mojica Phipps' motion to suppress evidence obtained from court

authorized wiretaps. On appeal, the State argues that the trial court erred in suppressing the evidence because Appellee failed to prove that her communications were unlawfully intercepted. We agree and reverse.

The circumstances giving rise to the wiretap order are not in dispute. Prior to July 2018, law enforcement had been investigating a suspected drug trafficking ring operating in Osceola County. One target of the investigation was Appellee's brother, Hector Phipps. On July 6, 2018, a deputy with the Osceola County Sheriff's Office requested and received written authorization from Nicolas Cox, the Statewide Prosecutor, to apply to the circuit court for a wiretap order on Mr. Phipps' cell phone. The target cell phone was assigned a phone number that began with area code 270. A detailed application and affidavit were executed by the deputy before a circuit court judge and a wiretap order was issued based thereon. The application, affidavit and the wiretap order all specified Mr. Phipps' correct telephone number. A separate affidavit and probable cause document submitted to Mr. Cox similarly listed Mr. Phipps' correct telephone number. However, the written authorization signed by Mr. Cox inadvertently contained Mr. Phipps' previous cell phone number, one beginning with area code 321. This error was immediately discovered by the prosecutor, who, on the next business day, obtained from

Mr. Cox an amended authorization containing the correct number consistent with the affidavit and probable cause document.

Further investigation through execution of the wiretap order implicated Appellee, who was subsequently charged with trafficking in heroin, conspiracy to traffic in heroin and unlawful use of a two-way communication device to facilitate the unlawful possession of heroin, fentanyl or methamphetamine. Appellee moved to suppress evidence obtained from the wiretaps, arguing that the evidence was derived from unlawful wiretaps in violation of section 934.09, Florida Statutes (2021). Following a hearing on the motion, despite the uncontradicted evidence from the State establishing the above-cited facts and explaining the scrivener's error with respect to Mr. Phipps' phone number in the original written authorization, the trial court was "unconvinced" that Mr. Cox's written authorization was intended or obtained for the correct phone number. The court ultimately suppressed all evidence obtained from the July 6 wiretap order.

This Court reviews the trial court's ruling on a motion to suppress as a mixed question of law and fact. O'Hare v. State, 263 So. 3d 255, 258 (Fla. 5th DCA 2019). This Court defers to the trial court's findings of fact as long as they are supported by competent, substantial evidence, but reviews de novo the trial court's application of law to the facts. Delhall v. State, 95 So. 3d

134, 150 (Fla. 2012). "The proponent of a motion to suppress carries the initial burden of establishing a violation of the Fourth Amendment." State v. Mobley, 98 So. 3d 124, 125 (Fla. 5th DCA 2012). "The initial burden requires the defense to make some showing that a search occurred and was invalid." Id.

Wiretaps are governed by sections 934.03–934.09 of the Florida Statutes. Suppression of the results of the use of this investigative tool is addressed in section 934.09, which provides in relevant part as follows:

> (10)(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court . . . may move to suppress the contents of any intercepted wire, oral, or electronic communication, or evidence derived therefrom, on the grounds that:
>
> 1. The communication was unlawfully intercepted;
>
> 2. The order of authorization or approval under which it was intercepted is insufficient on its face; or
>
> 3. The interception was not made in conformity with the order of authorization or approval.

§ 934.09(10)(a), Fla. Stat. (2021).

Here, Appellee has never claimed that the "order of authorization" was insufficient on its face, nor has she argued that the interception itself was not made in conformity with that order. Instead, she sought suppression under the more general theory that the communication was "unlawfully intercepted" because it was not properly authorized by the Statewide Prosecutor.

4

Specifically, Appellee claimed that no authorization for the correct phone number occurred until after the order allowing the wiretap was already signed.

As the State points out, chapter 934 identifies specific individuals who may authorize an application for an order approving the use of a wiretap. These individuals include, in relevant part, the Statewide Prosecutor. § 934.07(1), Fla. Stat. (2021). Notably absent from this statute is any requirement governing the format of such authorizations. Specifically, there is nothing requiring that an authorization be in writing, let alone in a contemporaneous writing officially printed and signed before the order is sought. Nor does the statute in any way provide that technical defects in an authorization will invalidate law enforcement's ability to execute wiretaps otherwise lawfully authorized and approved.

In this case, the authorization to obtain a wiretap order on Mr. Phipps' cell phone was properly obtained prior to the court order. The wiretap order contained the correct phone number and the application and affidavit for that order similarly contained the correct phone number. We therefore conclude that the wiretap was lawful and that the court erred in granting Appellee's motion to suppress.

REVERSED and REMANDED.

LAMBERT C.J., concurs.
SASSO, J., concurring with opinion.

5

SASSO, J., concurring.

I agree the order should be reversed. However, in my view, this case turns on whether the trial court's determination that the wiretap was not authorized is supported by competent substantial evidence. I conclude it is not so supported because the trial court improperly shifted the burden of proof to the State.

Phipps' motion to suppress was based on an argument that the "nunc pro tunc" authorization signed by Mr. Cox demonstrates the authorization was ineffective. It was upon receipt of the authorization that the trial court determined Phipps had made a "prima facie showing that the authorization was not signed contemporaneously or before the order being submitted to the judge for execution." As a result, the trial court shifted the burden to the State to affirmatively prove the wiretap was, in fact, authorized. Then, after the State's presentation, the trial court determined it was "unsatisfied" by the evidence and, based on what it viewed as "insufficient" evidence demonstrating the wiretap was authorized, the court granted Phipps' motion to suppress.

It is well settled that the "proponent of a motion to suppress carries the initial burden of establishing a violation of the Fourth Amendment." *State v.*

6

*Mobley*, 98 So. 3d 124, 125 (Fla. 5th DCA 2012); *see also United States v. de la Fuente*, 548 F.2d 528, 531–34 (5th Cir. 1977) (applying well-established principle that the burden of proof rests upon the movant in suppression hearings to motion alleging improper authorization for wiretap). This "initial burden requires the defense to make some showing that a search occurred and was invalid." *Mobley*, 98 So. 3d at 125 (citing *Miles v. State*, 953 So. 2d 778, 779 (Fla. 4th DCA 2007)). "Prima facie evidence is evidence sufficient to establish a fact unless and until rebutted." *State v. Kahler*, 232 So. 2d 166, 168 (Fla. 1970).

Applying those general principles to this case, the question, then, is whether the existence of the "nunc pro tunc" authorization, standing alone, is sufficient to establish that the wiretap was not authorized, and, therefore, unlawfully obtained. In my view, the answer is no. As explained in the majority opinion, the document upon which Phipps relies is not required by statute, nor does the statute suggest that technical defects in an authorization invalidate law enforcement's ability to conduct a wiretap. Furthermore, there was no error in the application of the order itself. *Cf. de la Fuente*, 548 F.2d at 534 (acknowledging "the understandable confusion surrounding the proper placing and shifting of burdens of proof and persuasion" and the lack of cases "holding that a defendant can prevail at a

7

suppression hearing by simply conjecturing that the government might have acted illegally," and concluding that appellate courts "confronted with such speculations have consistently held that defendants must at least allege particular facts which would tend to indicate some government impropriety and that general, conclusory allegations based upon mere suspicions do not entitle a defendant to have evidence suppressed").

To be fair, neither party argued that an authorization must be in writing, and the trial court recognized there is no such statutory requirement. Nevertheless, upon receipt of this document, the trial court shifted the burden to the State to affirmatively prove that the wiretap was, in fact, authorized. This burden shifting, in my view, is where the trial court erred. So when the trial court concluded it was "unsatisfied" with the evidence presented, it both alleviated Phipps of her burden and based its determination on a lack of evidence, rather than requiring Phipps to demonstrate that the wiretap was indeed unauthorized. For these reasons, I agree that the trial court's determination was not supported by competent substantial evidence and the order should be reversed.