415 So.2d 909 (1982)
Juan ACEBO, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1173.
District Court of Appeal of Florida, Second District.
June 30, 1982.
*910 John H. Lipinski, Miami, and Raymond R. Pines, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Samuel Robert Mandelbaum, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Juan Acebo appeals a final judgment and sentence for conspiring to traffic in methaqualone and for trafficking in methaqualone. He argues, inter alia, that the trial court erred in denying his motion to suppress evidence seized by authorities during warrantless searches of the trunk of a car in which he was a passenger and of a companion car stopped several minutes before.[1] The State contends that he does not have "standing" to contest either search. The State is correct and therefore we affirm.
Fourth amendment rights are personal rights which may not be vicariously asserted. See, e.g., Rakas v. Illinois, 439 U.S. 128, 133-34, 99 S.Ct. 421, 424-25, 58 L.Ed.2d 387 (1978); Brown v. United States, 411 U.S. 223, 230, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208 (1973). Regardless of the apparent unconstitutionality of a search, the proponent of a motion to suppress has the burden of establishing that he had a legitimate expectation of privacy in the area searched. See Rakas, 439 U.S. at 130, n. 1, 99 S.Ct. at 424, n. 1; State v. Hutchinson, 404 So.2d 361, 365-66 (Fla. 2d DCA 1981).
Generally, an important consideration in deciding whether the proponent has carried his burden by establishing that he had a legitimate expectation of privacy in the area searched is whether he demonstrated an ownership interest or other lawful property interest in the area searched. See Rakas, 439 U.S. at 143-44, n. 12, 99 S.Ct. at 430, n. 12. The record does not show that Acebo had a lawful property interest in either car. Further, the record does not reveal that he had even a lawful property interest in the seized items. Nothing else *911 in the record indicates that he had a legitimate expectation of privacy in the cars or seized items. Thus, his assertion that the searches violated his constitutional rights must fall. See Rakas.
Acebo's other arguments on appeal are without merit.
AFFIRMED.
BOARDMAN and SCHOONOVER, JJ., concur.
NOTES
[1] Seized from the trunk of the car in which Acebo was a passenger were an aircraft-type radio, four aircraft strobe lights, four flash-lights, and a .44 revolver. Seized from the other car were eight boxes of narcotics, a flight log, three weapons, two weapon clips, a weapon box, and a walkie-talkie radio.