432 So.2d 147 (1983)
Hershel Ray BUCHANAN, Appellant,
v.
STATE of Florida, Appellee.
No. AM-241.
District Court of Appeal of Florida, First District.
May 9, 1983.
Rehearing Denied June 10, 1983.
Michael Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
*148 MILLS, Judge.
Buchanan pled nolo contendere to a charge of possession of methaqualone, Section 893.13(1)(e), Florida Statutes (1981), reserving the right to appeal the trial court's denial of his motion to suppress. We affirm.
On 18 February 1982, Buchanan was involved in an automobile accident. He subsequently was transported to the Orange Park Hospital for treatment of his injuries and, once there, he was placed in a curtained-off area in the emergency room. Nurse Arch assisted Buchanan in removing his clothes. While doing so, she noticed a bag of pills sticking out of the back of his underwear. Suspecting that the bag contained illegal drugs, she went to notify a police officer who was in the building.
When she and the officer returned to where Buchanan was, she saw Buchanan sitting up on the bed with his hands underneath the mattress. Nurse Arch then walked over to the bed, stuck her hand underneath the mattress, and retrieved the bag which she had previously seen in Buchanan's underwear. The bag was later found to contain methaqualone.
Buchanan contends on appeal, as he did below, that the seizure of the pills violated his right to be free from unreasonable searches and seizures guaranteed by the federal and state constitutions. We cannot agree.
Before a defendant can challenge the legality of a search, he must have had a subjective expectation of privacy in the area searched, and that expectation must be one that society is prepared to recognize as reasonable. Daniels v. State, 411 So.2d 1034 (Fla. 1st DCA 1982). Even if Buchanan had formed a subjective expectation of privacy, it was simply unreasonable for him to have done so in a busy hospital emergency room where medical personnel were constantly walking in and out and where he could have expected to remain only a few hours at most.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.