431 So.2d 704 (1983)
STATE of Florida, Appellant,
v.
Janet Marie BARTZ, Appellee.
No. 82-1978.
District Court of Appeal of Florida, Second District.
May 20, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
SCHOONOVER, Judge.
The appellant, the State of Florida, has appealed from an order suppressing evidence seized during a warrantless search of an automobile in which the appellee, Janet Marie Bartz, was a passenger. The state contends that the appellee did not demonstrate a legitimate expectation of privacy in the area where the property was seized and therefore the trial court erred in granting the appellee's motion to suppress. We agree and reverse.
The state filed an information charging the appellee with possession of cocaine and cannabis. The appellee then filed a motion to suppress the evidence seized from the vehicle in which she was a passenger at the time of her arrest. Her motion alleged that the search and seizure was conducted without a search warrant and there was no probable cause for her arrest.
At the commencement of the hearing on the appellee's motion, the assistant state attorney asserted that the appellee did not have "standing" to attack the search because she was a passenger in the vehicle. The court reserved ruling on the state's assertion and the hearing proceeded. Testimony revealed that the controlled substances in question were seized from the center console of the automobile in which the appellee was a passenger and from the person of the driver of the automobile. At the conclusion of the hearing, the trial court granted the appellee's motion to suppress.
It is not necessary to determine if the trial court erred in its ruling on the issue concerning the legality of the search. Regardless of the propriety of the search, the proponent of a motion to suppress has the burden of establishing that he had a legitimate expectation of privacy in the area searched. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981). The automatic standing rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), was rejected by the United States Supreme Court in United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), and by this court in State v. Hutchinson.
*705 The record fails to reflect that the appellee had a lawful property interest in the automobile or the seized items, and there was no other evidence presented to establish that she had a legitimate expectation of privacy in the automobile in which she was a passenger. The trial court accordingly erred in granting the motion to suppress. Acebo v. State, 415 So.2d 909 (Fla. 2d DCA 1982); State v. W.E.T., 399 So.2d 480 (Fla. 1st DCA 1981).
We therefore reverse and remand for proceedings consistent herewith.
HOBSON, A.C.J., and GRIMES, J., concur.