313 S.E.2d 667

**STATE of West Virginia**

v.

**Robert G. TADDER.**

**No. 15939.**

Supreme Court of Appeals of
West Virginia.

Feb. 16, 1984.

Thomas L. Butcher, Public Legal Services, Charleston, for appellant.

Chauncey H. Browning, Jr., Atty. Gen. and Fredrick Wilkerson, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Chief Justice:

This case is before this Court upon an appeal by the appellant, Robert G. Tadder, a.k.a. Robert G. Tadden, from his felony conviction in the Circuit Court of Wetzel County, West Virginia, of the offense of aiding and abetting. The appellant was found to have aided and abetted the breaking and entering of a grocery store in New Martinsville, Wetzel County, West Virginia. He was sentenced in the circuit court to a penitentiary term of not less than one nor more than ten years. *W. Va. Code*, 61–3–12 [1931]; *W. Va. Code*, 61–11–6 [1931]. This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

On May 12, 1980, at approximately 11:25 p.m., Michael L. Johnston and Daniel W. Wright, officers of the New Martinsville police department, responded to an anonymous call indicating that glass was heard breaking at Leo Herrick's Market, a grocery store. Upon arriving at the scene, the officers spotted two men in the store. Other officers arrived, and the two suspects, later identified as Robert M. Calvert and Donald J. Wilczak, were placed in custody.

A few minutes later, Officers Johnston and Wright spotted a yellow Ford pickup truck as it exited a parking lot near the grocery store. The truck had Pennsylvania license plates. Larry W. Calvert, the brother of one of the suspects apprehended in the store, was driving the truck. The appellant was in the passenger seat. Upon stopping the truck, the officers conducted a warrantless search of the vehicle and located, in the glove compartment, the wallets of the two suspects apprehended in the store. Larry W. Calvert and the appellant were then taken into custody.[1]

An indictment charging the appellant with aiding and abetting the breaking and entering of the grocery store was returned by a Wetzel County grand jury. On May 14, 1980, defense counsel was appointed to represent the appellant. The appellant's trial began on November 12, 1981.

Defense counsel made no motion, during the proceedings in circuit court, to suppress evidence with respect to the warrantless search by police officers of the truck.[2] During the appellant's trial, Officers Johnston and Wright were permitted to testify that they found in the glove compartment of the truck the wallets of the suspects apprehended in the store.

At the conclusion of the trial, the trial judge determined that the evidence was not insufficient to support a conviction of the appellant under the indictment. The case was then submitted to the jury, and the appellant was convicted.

In this appeal, the appellant contends that (1) his conviction resulted from ineffective assistance of counsel, (2) the search of the truck by police officers violated the appellant's constitutional rights and (3) the evidence at trial was insufficient to support the appellant's conviction.

I

Ineffective Assistance of Counsel and the Warrantless Search Issue

In the recent case of *State v. Cecil*, 173 W.Va. 27, 311 S.E.2d 144 (1983), this Court, in syllabus point 1, restated the following rule with respect to assertions by criminal defendants of ineffective assistance of counsel:

'In the determination of a claim that an accused was prejudiced by ineffective assistance of counsel violative of Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment to the United States Constitution, courts should measure and compare the questioned counsel's performance by whether he exhibited the normal and customary degree of skill possessed by attorneys who are reasonably knowledgeable of criminal law, except that proved counsel error

1. The record is unclear as to when, in relation to the search, Larry W. Calvert (the driver of the truck) and the appellant were placed under arrest. The "Report of Criminal Investigation" prepared by Officer Johnston indicates that the arrest took place after the truck was searched.

The record is also unclear with respect to the wallet of Larry W. Calvert. That wallet may have been located by the officers in the glove compartment of the truck with the two wallets of the suspects apprehended in the store. On the other hand, Larry W. Calvert may have been carrying his wallet on the night of the offense. No wallet belonging to the appellant was found during the period in question.

2. Defense counsel neither before the appellant's trial nor during the trial moved to suppress evidence with respect to the search of the truck. At a pre-trial hearing conducted on November 6, 1980, the following dialogue took place involving the trial judge, defense counsel (Rogers) and the assistant prosecuting attorney (Starkey):

Mr. Rogers: Very good, Your Honor. The last thing I would just like to have noted for the record is I think there is going to be a search and seizure problem in this case with regard to the search of the vehicle which the defendant was occupying. I do not intend to raise that question, however, until the trial....

The Court: That is a search of the vehicle made without a warrant, a warrantless search?

Mr. Rogers: Right.

....

Mr. Starkey: I would ask that a hearing be set in that matter prior to trial.

The Court: It will be set. Where is that motion, Mr. Rogers?

Mr. Rogers: I have a copy. I haven't filed any motion yet so I don't think we can have a hearing. I intend to object at the time of trial.

In spite of his intention expressed above, defense counsel made no such motion to suppress at trial.

which does not affect the outcome of the case, will be regarded as harmless error.' Syl. pt. 19, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).[3]

The appellant contends that the search of the truck violated his constitutional rights because that search was initiated by the officers without a warrant and without probable cause.[4] In that regard, the appellant contends that he suffered from ineffective assistance of counsel because his counsel failed to move to suppress the evidence found in the glove compartment by the officers during the search. As indicated above, that evidence consisted of the wallets of the two suspects apprehended in the grocery store.

We first examine the question of whether the search of the truck, in which the appellant was a passenger, violated the appellant's constitutional rights. Accordingly, we note that in syllabus point 1 of *State v. Moore*, 165 W.Va. 837, 272 S.E.2d 804 (1980), we held as follows:

> Searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment and Article III, Section 6 of the West Virginia Constitution—subject only to a few specifically established and well-delineated exceptions. The exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative.

For the reasons stated below, the *Moore* case is inapplicable to the case before this Court, and we conclude that the appellant's constitutional rights, with respect to searches and seizures, were not violated.

In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), *reh'g. denied.*, 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1979), the police, investigating a robbery, seized from an automobile a rifle, found under the front passenger seat, and rifle shells, found in the glove compartment. At the time of that search, the defendants were passengers in the automobile. They did not own the vehicle or the rifle or the shells. The prosecution offered the rifle and shells into evidence at the defendants' trial, and the defendants were convicted of robbery.

Those convictions, in Illinois, were affirmed in *Rakas* by the Supreme Court of the United States. The court concluded that no expectations of privacy were shown by the defendants "with respect to those portions of the automobile which were searched and from which incriminating evidence was seized." 439 U.S. at 149, 99 S.Ct. at 433, 58 L.Ed.2d at 405. The Court stated as follows:

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of this Fourth Amendment rights infringed.
>
> . . . .
>
> [The defendants] asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized. And as we have previously indicated, the fact that they were 'legitimately on [the] premises' in the sense that they were in the car with the permission of its owner is not determinative of whether they had a legitimate expec-

---

3. The above quoted language concerning ineffective assistance of counsel has been set forth by this Court in several post-*State v. Thomas* cases. *See State v. Cecil, supra*, 173 W.Va. at 30, n. 4, 311 S.E.2d at 148, n. 4.

4. *U.S. Const.*, amend. IV, provides as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Similarly, *W.Va. Const.*, art. III, § 6, provides as follows:

The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized.

tation of privacy in the particular areas of the automobile searched.

439 U.S. at 134, 148, 99 S.Ct. at 425, 433, 58 L.Ed.2d at 395, 404.

In the following state decisions, the *Rakas* case was cited: *Koonce v. State,* 269 Ark. 96, 98, 598 S.W.2d 741, 742 (1980), search and seizure of a gun found under the front seat of an automobile upheld, where the defendant, a passenger in the rear seat of the automobile, claimed no ownership in the automobile or in the gun and demonstrated "no legitimate expectation of privacy under the front seat of the vehicle . . ."; *State v. Bartz,* 431 So.2d 704 (Fla.Dist.Ct.App.1983), warrantless search and seizure upheld, where the appellant was a passenger in a vehicle, and controlled substances were seized from the "center console" of the vehicle and from the driver of the vehicle; *Goodwin v. State,* 154 Ga. App. 46, 267 S.E.2d 488 (1980), the appellant, a passenger in a vehicle used during a marihuana transaction (which vehicle the police had rented and surreptitiously made available to the suspects), had "no legitimate expectation of privacy and no standing to object" with respect to marihuana seized by police officers from the trunk of the vehicle; *Butler v. State,* 46 Md.App. 317, 321, 416 A.2d 773, 775 (1980), search and seizure of money from automobile upheld, where the appellant, as a passenger, "had no right to the expectation of privacy . . ."; *State v. Wood,* 613 S.W.2d 898 (Mo. Ct.App.1981), search and seizure of gun found under the front seat of an automobile was upheld, where defendant, a passenger in the automobile, claimed ownership of neither the gun nor the automobile and, thus, demonstrated no "reasonable expectation of privacy"; *State v. Melvin,* 53 N.C.App. 421, 281 S.E.2d 97 (1981), search and seizure of items from robbery upheld, where the defendant, a passenger, owned neither the automobile nor the items seized and had no "legitimate expectations of privacy"; and *Schultz v. State,* 584 S.W.2d 223 (Tenn.Cr.App.1979), search and seizure of jacket and gun from automobile upheld, where the defendant, a passenger in the automobile, made no claim of ownership in the automobile or in the items seized.

In *State v. Bartz, supra,* the District Court of Appeal of Florida stated as follows:

> The record fails to reflect that the appellee had a lawful property interest in the automobile or the seized items, and there was no other evidence presented to establish that she had a legitimate expectation of privacy in the automobile in which she was a passenger. The trial court accordingly erred in granting the motion to suppress.

431 So.2d at 705. *See also State v. W.E.T.,* 399 So.2d 480 (Fla.Dist.Ct.App.1981), an additional Florida case, where the appellee, a passenger, had no expectation of privacy "in the area underneath the car seat because he had disavowed any interest in the automobile or the property seized." 399 So.2d at 481.

Similarly, the Court of Appeals of North Carolina in *State v. Melvin, supra,* stated as follows:

> By simply showing that he was a passenger in the car from which the police seized the incriminating evidence, defendant did not demonstrate that he possessed any 'legitimate expectation of privacy' in the area searched. The disputed search and seizure did not infringe upon any interest of defendant which the Fourth Amendment was designed to protect. Since defendant has failed to show that his own Fourth Amendment rights were violated by this search and seizure, he cannot gain standing by asserting the constitutional rights of others.

53 N.C.App. at 427, 281 S.E.2d at 101.

The case before this Court is similar to *Rakas* and the above cases in which *Rakas* was cited. The appellant was a passenger in the pickup truck during the period in question. The record demonstrates that the appellant had no legitimate expectation of privacy in the truck, its glove compartment, or in the items seized by the police officers. The appellant had no basis, therefore, upon constitutional grounds, to object to the search and seizure.

■ We hold that where police officers apprehended in a building two suspects of

a breaking and entering of that building, and minutes thereafter the officers stopped a truck with two occupants attempting to leave the scene of the breaking and entering, a warrantless search of the vehicle by the officers, which resulted in the seizure from the glove compartment of the wallets of the suspects apprehended in the building, did not violate the defendant's constitutional rights under *U.S. Const.*, amend. IV, or *W.Va. Const.*, art. III, § 6, against unreasonable searches and seizures, where the record demonstrated that the defendant, as a passenger in the truck, had no property or possessory interest in the truck, its glove compartment, or in the items seized and, therefore, suffered no invasion of a legitimate expectation of privacy. *Cf. State v. Flint*, 171 W.Va. 676, 301 S.E.2d 765 (1983).

▪ Accordingly, the failure of defense counsel to move to suppress the evidence found in the truck by the police officers did not amount to ineffective assistance of counsel. No rights of the appellant were violated with respect to constitutional protections against unreasonable searches and seizures and the appellant's assertion of ineffective assistance of counsel is without merit. *See State v. Cecil, supra.*

## II

### Sufficiency of the Evidence

The appellant further contends that the evidence at trial was insufficient to support his conviction under the indictment. Specifically, the appellant asserts that the link between the breaking and entering of the grocery store and the appellant's presence at the scene as a passenger in the truck was too weak to incriminate the appellant in the crime.[5] The appellant, therefore, states that the trial judge should have directed an acquittal of the appellant at the close of the State's evidence at trial. We disagree.

▪ This Court in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978), held as follows:

In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.[6]

In the case now before us, after the State rested its case against the appellant, the trial judge ruled as follows concerning the issue of the sufficiency of the evidence:

I believe that there is sufficient evidence that the jury could draw a reasonable inference that the pick-up truck was there for the purpose of providing some sort of transportation for the two men involved in the supermarket in question. Their wallets were in there. The brother of one of the men was driving. I believe it's too much of a coincidence that Mr.

---

**5.** It should be noted that the trial judge in this case instructed the jury upon the law relating to circumstantial evidence, and the appellant raises no issue concerning the propriety of those instructions in this appeal.

In syllabus point 4 of *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967), this Court held as follows: "The weight of circumstantial evidence, as in the case of direct evidence, is a question for jury determination, and whether such evidence excludes, to a moral certainty, every reasonable hypothesis, other than that of guilt, is a question for the jury."

Furthermore, in syllabus point 2 of *State v. Dobbs*, 163 W.Va. 630, 259 S.E.2d 829 (1979), this Court held as follows:

Circumstantial evidence will not support a guilty verdict, unless the fact of guilt is proved to the exclusion of every reasonable hypothesis of innocence, and circumstances which create only a suspicion of guilt but do not prove the actual commission of the crime charged, are not sufficient to sustain a conviction.

**6.** In an order entered on October 29, 1982, the trial judge stated as follows: "The Court from a totality of the circumstances, does not deem that the evidence as [sic] manifestly inadequate and that an injustice had been done to the defendant."

Tadder and Mr. Calvert, the brother of one of the men involved in the breaking and entering were merely innocent spectators sitting in a pick-up truck in a Wetzel County parking lot on the night of May 12th, 1980, while the brother of the driver of the truck was in Herrick's Supermarket or in Herrick's Market conducting a breaking and entering.

This Court in *State v. Craft*, 165 W.Va. 741, 272 S.E.2d 46, 52 (1980), stated that "[t]he mere presence of a person in an automobile found to contain stolen property may be insufficient to support a conviction for theft, particularly where the defendant is not the owner of the vehicle." In that case, this Court reversed the defendant's conviction of breaking and entering. The facts in *Craft* indicated that the defendant was seen prior to the breaking and entering with his co-defendants. Several hours after the breaking and entering, the defendant was seen near the automobile of one of the co-defendants, and that automobile contained stolen property. This Court held that such evidence was insufficient to support the defendant's conviction.

Unlike the facts in *Craft*, however, the record in this case demonstrates that the appellant was in the vicinity of the grocery store at the time the breaking and entering took place. Specifically, at that time, the appellant was in the truck with the brother of one of the suspects apprehended in the store. The time was approximately 11:25 p.m., and the record indicates that the truck, with Pennsylvania license plates, had been in the parking lot near the store shortly prior to the stopping of the truck by police officers and the resulting search and seizure.

Upon all of the above, this Court is of the opinion that the circuit court was correct in concluding that the evidence was sufficient to support the appellant's conviction of aiding and abetting.

All other issues raised by the appellant are without merit.

The final order of the Circuit Court of Wetzel County is hereby affirmed.

Affirmed.