493 So.2d 99 (1986)
STATE of Florida, Appellant,
v.
Audley SEARS, Appellee.
No. 4-86-0280.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*100 Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals an order granting Audley Sears' motion to suppress physical evidence. We reverse.
Two police officers on patrol stopped a car for a noisy muffler violation. Approaching the car, the officers noticed Sears, one of the passengers in the vehicle, holding a white object. Sears moved as if to push something down in the seat behind him, at which point the police, fearing the presence of a weapon, ordered everyone out of the car. A search of the area where Sears had been sitting produced a tightly rolled pamphlet. The police unrolled the pamphlet and discovered that it contained a hypodermic needle and syringe, and a tin spoon coated with cocaine residue.
Sears was charged with possession of cocaine and possession of drug paraphernalia. At trial, the court granted Sears' motion for a mistrial and his motion to suppress the pamphlet and its contents.
The state argues on appeal that the trial court erred in granting Sears' motion to suppress because Sears had no expectation of privacy in the vehicle, and therefore the search and seizure could not have violated his fourth amendment rights. Additionally, the state maintains that Sears' furtive attempt to hide the pamphlet justified the search and seizure, based upon the police officers' articulable belief that Sears' actions caused them to fear the presence of a concealed weapon.
"[C]apacity to claim the protection of the Fourth Amendment depends ... upon ... whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Thus, a challenge to the legality of a search and seizure may not be asserted vicariously, but is appropriate only where government intrusion has infringed a party's personal fourth amendment rights. Dean v. State, 478 So.2d 38 (Fla. 1985). A passenger normally has no legitimate expectation of privacy in the interior of the car in which he is riding. Rakas, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387.
Sears, a passenger in the car searched here, clearly had no expectation of privacy in the vehicle. He therefore lacked capacity to claim the protection of the fourth amendment in order to suppress the incriminating evidence discovered as a result of the search. Moreover, the search and seizure itself was incident to a lawful stop, and was validly initiated by the police in response to Sears' furtive movement which led the officers to fear the presence of a weapon. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla. 1985).
Accordingly, we reverse the trial court's order granting the motion to suppress, and remand the case for further proceedings.
REVERSED and REMANDED.
HERSEY, C.J., and DOWNEY and DELL, JJ., concur.