SHIVERS, Judge.
The State appeals the trial court’s order granting a motion to suppress evidence seized from a truck in which appellee, Mark Leonard Rome, was a passenger. We reverse the court’s ruling on the ground that appellee failed to establish standing to challenge the search.
According to the testimony presented at the hearing on appellee’s motion to suppress, Lt. Roy of the Fort Walton County Sheriff’s Office was conducting plain-clothed surveillance from a roadside rest area in an unrelated case when he noticed two men in a parked pickup truck. While talking with Officer Steve Sunday, Roy observed the driver, James Adair, through the rear window of the truck holding what appeared to be a clear plastic baggie. Lt. Roy approached the driver’s window of the truck and observed Adair holding a package of cigarette rolling papers and a baggie of what appeared to be marijuana. After advising Adair and appellee that they were under arrest and reading the Miranda warnings, Roy seized the baggie from a cubbyhole in the dashboard where Adair indicated he had put it. In seizing the baggie from the cubbyhole, Roy also seized a small opaque bank envelope which contained approximately fourteen grams of cocaine.
Officer Sunday also testified at the hearing; however, neither Adair nor appellee testified, and the issue of standing was not *256 raised by either party. The trial court entered an order granting the motion to suppress, indicating at the hearing that if he “could believe 100%” that Lt. Roy saw the baggie of marijuana in Adair’s hand when he approached the truck, he would have found the arrest to be legal.
We reverse the trial court’s order granting appellee’s motion to suppress, without reaching the legality of the search and seizure, on the basis that appellee failed to bear his burden of establishing a legitimate expectation of privacy in the area searched. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Jones, 454 So.2d 774 (Fla. 3d DCA 1984). As a mere passenger of the truck, appellee failed to establish a capacity to claim the protection of the fourth amendment in order to invoke the benefit of the exclusionary rule. See Rakas v. Illinois, supra; State v. Sears, 493 So.2d 99 (Fla. 4th DCA 1986); Acebo v. State, 415 So.2d 909 (Fla. 2d DCA 1982); State v. Davis, 415 So.2d 82 (Fla. 4th DCA 1982); and State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983).
Accordingly, the trial court’s order granting appellee’s motion to suppress is reversed, and the cause is remanded to the trial court for further proceedings.
MILLS and JOANOS, JJ., concur.