528 So.2d 902 (1988)
Cheryl SHIPLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 71371.
Supreme Court of Florida.
July 14, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Charles Corces, Jr. and William I. Munsey, Jr., Asst. Attys. Gen., Tampa, for respondent.
SHAW, Justice.
We have for review Shipley v. State, 512 So.2d 1135 (Fla. 2d DCA 1987), in which the district court certified conflict with Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987), and Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We disapprove that portion of the opinion of the district court below concerning the imposition of community service pursuant to section 27.3455, Florida Statutes (1985).
Shipley was convicted of crimes occurring in 1982 and 1985. The trial court declared her partially indigent and ordered her to perform eighty hours of community service in lieu of costs under section 27.3455, which provides in part:
(1) When any person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as a cost in the *903 case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:

 (a) Felonies ..................... $200
 (b) Misdemeanors ................. $ 50
 (c) Criminal traffic offenses .... $ 50

... . All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued. However, the court shall sentence those persons whom it determines to be indigent to a term of community service in lieu of the costs prescribed in this section, and such indigent persons shall be eligible to accrue gain-time and shall serve the term of community service at the termination of incarceration.
Shipley received no notice or hearing prior to the imposition of community service and failed to object at sentencing to its imposition. Additionally, as part of each judgment rendered against her, Shipley was assessed court costs under sections 943.25(4) (Criminal Justice Training Trust Fund) and 960.20 (Crimes Compensation Trust Fund), Florida Statutes (1985). She similarly received no prior notice or hearing as to these costs; nor were they even mentioned during sentencing. The trial court ordered that a probation officer determine the appropriate amount of restitution to be paid victims of Shipley's offenses.
On appeal, the district court ruled: 1) that the trial court must determine the amount of victim restitution; 2) that Shipley must be granted notice and a hearing prior to the imposition of costs under sections 943.25(4) and 960.20; and 3) that because community service under section 27.3455 was imposed in open court without a contemporaneous objection, Shipley was foreclosed from raising lack of notice as a challenge to such imposition. We disagree with the latter determination.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), we held that costs under sections 943.25 and 960.20, Florida Statutes (1981), cannot be imposed against an indigent defendant without prior notice and a hearing. Jenkins, 444 So.2d at 950. We allowed the issue there to be raised on appeal despite the absence of a contemporaneous objection when the costs were imposed in open court. See id. (Alderman, C.J., dissenting). We agree with the First District Court of Appeal that, while there are distinctions between these two sections and section 27.3455, these differences are insufficient to permit this Court to ignore the due process procedural safeguards that have been required in connection with costs statutes. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986). See Mays v. State, 519 So.2d 618 (Fla. 1988) (due process concerns "do not disappear because an indigent defendant may be assessed costs defined by time and toil instead of dollars"). We therefore hold that prior notice and a hearing are required in order to impose costs or community service against an indigent defendant under section 27.3455. A contemporaneous objection is unnecessary to preserve for review the issue of these due process rights.
Accordingly, we disapprove that portion of the district court's decision relating to community service. We note that section 27.3455 has since been amended to eliminate the provisions  including the community service alternative  for failure to pay fees and costs. See § 27.3455, Fla. Stat. (1987). Because this amendment affects only the procedure for enforcing costs imposed under this section, the amended statute may be applied retroactively. See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). Such retrospective application does not constitute an ex post facto violation. State v. Yost, 507 So.2d 1099 (Fla. 1987). As to the matters of restitution and costs levied pursuant to sections 943.25(4) and 960.20, the district court ruled correctly.
We approve in part and disapprove in part the opinion of the district court, and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.