547 So.2d 716 (1989)
Norman Lester AMOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1337.
District Court of Appeal of Florida, First District.
August 15, 1989.
Jeffrey P. Whitton, P.A., Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for State.
BARFIELD, Judge.
Appellant pled nolo contendere to possession of a controlled substance, in violation of section 893.13(1)(a), Florida Statutes (1987). He specifically reserved the right to challenge the trial court's order denying his motion to suppress evidence seized in a warrantless stop and search of his co-defendant's vehicle. The court-appointed appellate counsel filed an initial brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he was unable to argue, in good faith, that the trial court had erred in denying the suppression motion because appellant, as a mere passenger in the vehicle, lacked standing to contest the search.
We agree. Appellant and his co-defendant were lawfully stopped for trespassing on city owned property, posted off-limits to private vehicles. See Dilyerd v. State, 467 So.2d 301, 304 (Fla. 1985). At the suppression hearing, the issue of standing was not raised by either party. In moving for suppression of the evidence, it was appellant's burden to establish that he had a reasonable *717 expectation of privacy in the passenger compartment of his co-defendant's vehicle. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Rome, 500 So.2d 255 (Fla. 1st DCA 1987); State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983); State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981), rev. den., 412 So.2d 466 (Fla. 1982). A mere passenger normally does not have standing to contest the search of a car in which he is riding. Rakas; Sears v. State, 493 So.2d 99 (Fla. 4th DCA 1986). Because appellant failed to bear his burden of establishing standing to contest the search of his co-defendant's truck, we need not address the legality of the search. We accept the appellate counsel's Anders brief, and we affirm the trial court's order denying the motion to suppress.
However, as counsel correctly asserted in his brief, the trial court erred in assessing court costs against appellant without notice or opportunity to object. Notice and a hearing are required prior to imposing statutory costs on an indigent defendant. Shipley v. State, 528 So.2d 902 (Fla. 1988); May v. State, 519 So.2d 618 (Fla. 1988); Moore v. State, 530 So.2d 61 (Fla. 1st DCA 1988). The failure to object to the imposition of the court costs is not fatal to preserve the issue for proper appellate review. Shipley; Harriel v. State, 520 So.2d 271 (Fla. 1988); Moore. This case is remanded with directions that the trial court give appellant notice and opportunity to object to the imposition of costs.
We AFFIRM in part and REVERSE and REMAND in part.
SHIVERS, C.J., and ZEHMER, J., concur.