DANIEL, Chief Judge.
The defendant contends that court costs were imposed without notice or opportunity to object. We agree. See Shipley v. State, 528 So.2d 902 (Fla.1988); Nash v. State, 552 So.2d 1195 (Fla. 5th DCA 1989).
Also, the court imposed a lien on the indigent defendant for the cost of his court-appointed counsel’s services, pursuant to section 27.56, Florida Statutes (1985). The only notice provided to the defendant that this lien might be imposed at sentencing was contained in an affidavit of indigency signed by the defendant at arraignment. In Bull v. State, 548 So.2d 1103 (Fla.1989), the court held that the notice and hearing rights of section 27.56(7), Florida Statutes (1985) were not waived by the defendant’s execution of an affidavit of insolvency which had authorized the court to set attorney’s fees and impose a lien without notice of hearing. See also Reed v. State, 552 So.2d 347 (Fla. 5th DCA 1989).
The judgment is affirmed but court costs imposed pursuant to sections 943.25(4), (8), 960.20 and 27.3455, Florida Statutes (1987) and the lien for attorney services imposed pursuant to section 27.56, Florida Statutes (1985) are quashed.
AFFIRMED in part, QUASHED in part.
COBB and GOSHORN, JJ., concur.