# STATE OF FLORIDA v GAY

## Case No. 89-60-AP (County Court Case No. 89-27858-MM)

Fourth Judicial Circuit, Duval County

July 10, 1990

### APPEARANCES OF COUNSEL

**Donna M. Gregory, Esquire,** Office of the State Attorney, for appellant.

**Robert Stuart Willis, Esquire,** for appellee.

### OPINION OF THE COURT

VIRGINIA BEVERLY, Circuit Judge.

This cause came to be heard by the Court on the State of Florida's

appeal from the County Court's order of June 29, 1989, holding that the Appellee had standing to contest the warrantless search granted the Appellee's motion to suppress marijuana evidence.

The Appellee, Gay, was arrested for possession of marijuana and charged with that offense. The arrest and booking report stated that while on routine patrol in a high-crime area where drug-dealing is prevalent, the officer observed a parked vehicle in which the Appellee was a passenger. When the officer approached the vehicle, "the suspect was observed concealing an unknown object underneath the passenger seat. Several open beer cans were also observed in the vehicle." The suspect was asked to exit the vehicle, whereupon the officer discovered a plastic bag containing marijuana underneath the seat. Gay contends that the incident constituted an illegal stop and detention and an unlawful search without a warrant. The Appellee moved to suppress the evidence.

The State argued that the Appellee, as a mere passenger in the vehicle, lacked standing to contest the search and seizure of marijuana, and that the motion to suppress should have been denied initially without further argument on the merits of the motion. The State seeks to have the ruling of the County Court reversed and the motion denied or, alternatively, to have the case remanded to the County Court and another hearing held for the Appellee to prove standing.

A passenger has standing to challenge an alleged illegal stop. *Wulff v State,* 533 SO.2d 1191 (Fla. 2d DCA 1988). There is no issue as to the legality of the stop because the vehicle was parked when the officer arrived. In *Williams v State,* 428 So.2d 764, 765 (Fla. 3d DCA 1983), the court affirmed the order denying Williams' motion to suppress, holding that it did not need to consider whether there was an unlawful stop of the vehicle in which a gun was found, because the automobile and its occupant were already stationary for reasons unrelated to police activity. In the present context, however, a "stop" need not literally involve the halting of a moving person or vehicle.

A "stop" is also a temporary restraint of a person's freedom to walk away and is a permissible seizure within the limits of the fourth amendment to the United States Constitution when such person is suspected of being involved in past, present, or pending criminal activity. § 901.51, Florida Statutes; *Terry v Ohio,* 392 U.S. 1, 88 S.Ct. 1868 (1968). Where police officers positioned their patrol car behind an already parked vehicle in which a defendant was a passenger, ordered the occupants out of the car, and asked their identities, an investigatory stop occurred. *McCreary v State,* 538 So.2d 1377 (Fla. 1st DCA 1988).

Thus, a defendant who was a passenger can properly challenge a "stop" even where the vehicle was already parked. *State v Delaney,* 517 So.2d 696 (Fla. 2d DCA 1987).

An officer could properly investigate the Appellee's presence in a legally parked vehicle only if the officer had a founded or reasonable suspicion requiring further inquiry to determine whether the car's occupant had committed, was committing, or was about to commit a crime. § 901.51, Florida Statutes; *G.J.P. v State,* 469 SO.2d 816 (Fla. 2d DCA 1985); *Currens v State,* 363 So.2d 1116 (Fla. 4th DCA 1978). If the officer's initial detention of the Appellee was illegal, the subsequent seizure of the marijuana is illegal. *Currens,* 363 SO.2d at 1117.

The record indicates that the County Court did not receive evidence specifically addressing the alleged unlawful stop and detention of the individual, but ruled on standing in general. The transcript of the trial court hearing suggests that the Court did not distinguish between the Appellee's standing to challenge the "stop" and the separate issue of standing to contest the subsequent search of the vehicle. The Appellee must be given the opportunity to present evidence to establish standing to challenge the alleged unlawful "stop." If the Appellee is able to establish standing, then the burden will shift to the State to prove that the particular circumstances met the requirements of § 901.51, Florida Statutes, and *Terry, supra.* The trial court should consider evidence, if any, demonstrating the Appellee's standing to challenge the "stop" and, if standing is permitted, the burden will shift to the State to demonstrate that the investigating officer acted lawfully in approaching the vehicle and asking the Appellee to exit the car.

If the Appellee has standing and the initial stop or detention is determined to have been lawful, the subsequent warrantless search must be analyzed before the County Court can rule on the motion to suppress evidence. Warrantless searches are *per se* unreasonable under the fourth amendment, subject only to a few specifically established exceptions. The burden is on those seeking the exemption to show the need for it. *Coolidge v New Hampshire,* 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2032 (1971). Florida decisional law supports the view that where a defendant alleges in a legally sufficient motion to suppress that a search was warrantless, that allegation supported by judicial notice of the absence of a warrant in the case file is sufficient to shift the ultimate burden of proof to the State. *State v Hinton,* 305 So.2d 804 (Fla. 4th DCA 1975); *Bicking v State,* 293 So.2d 385, 285-86 (Fla. 1st DCA 1974). Thus, a defendant's prima facie showing of an invalid search may be made by motion supported by evidence which the court may judicially notice. In that instance, the defendant does not have to

introduce any additional testimonial or documentary evidence with respect to the existence vel non of a warrant in the court file. *Morales v State,* 407 So.2d 321, 325 (Fla. 3d DCA 1981); *Andress v State,* 351 So.2d 350 (Fla. 4th DCA 1977); *Hinton, supra.*

Where a defendant meets the initial burden of showing a warrantless search, the burden shifts to the State, which can raise the issue of the defendant's standing. Once the issue of the defendant's standing to contest a search and seizure is raised, the burden shifts back to the defendant to demonstrate a subjective expectation of privacy in the area searched, and that the expectation is one that society is prepared to recognize as reasonable. *Buchanan v State,* 432 So.2d 147 (Fla. 1st DCA 1983). The issue and determination of the Appellee's standing to contest the search of the vehicle were raised prematurely in the County Court. If upon remand the County Court determines that the initial stop and detention were valid, only then does the "search" issue arise.

The analysis of whether the contested search or seizure violated the fourth amendment rights of a defendant who seeks to exclude evidence obtained in the search now comes within the heading of substantive fourth amendment doctrine rather than the heading of "standing," unlike the traditional approach to standing. *Rakas v Illinois,* 439 U.S. 128, 99 S.Ct. 421 (1978). After *Rakas,* the proper judicial inquiry became whether the defendant's rights were violated by the alleged illegal search or seizure. *St. John v State,* 400 So.2d 779 (Fla. 1st DCA 1981). Regardless of the propriety of a search, a defendant has the burden of establishing that he had a legitimate expectation of privacy in the area searched. *Rakas.* In most instances, a passenger has no legitimate expectation of privacy in the interior of the vehicle in which he is riding. *Rakas; Amoss v State,* 547 So.2d 716 (Fla. 1st DCA 1989); *State v Sears,* 493 SO.2d 99 (Fla. 4th DCA 1986); *State v Bartz,* 431 So.2d 704 (Fla. 2d DCA 1983). If a passenger fails to establish a capacity to claim the protection of the fourth amendment, the benefits of the exclusionary rule are unavailable. *State v Rome,* 500 So.2d 255 (Fla. 1st DCA 1986); *Sears, supra.*

Inasmuch as the record shows that the County Court erroneously considered standing as to the *search* before it considered standing to contest the initial *"stop,"* it is, therefore,

ORDERED AND ADJUDGED that the lower court's order allowing standing to the Appellee and granting the motion to suppress is quashed and the cause is remanded for further proceedings consistent with this opinion.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 10th day of July, 1990.