565 So.2d 361 (1990)
Tanya V. GRIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1752.
District Court of Appeal of Florida, First District.
July 19, 1990.
Rehearing Denied August 30, 1990.
David P. Gauldin, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of a judgment and sentence entered upon a nolo plea to the charge of possession of cocaine, after the denial of a motion to suppress evidence. We find that the evidence should have been suppressed as the product of an unlawful search.
Appellant was charged with possession of crack cocaine and filed a motion to suppress the physical evidence. At the hearing on this motion a law enforcement officer testified that he encountered appellant in the back seat of a vehicle which was parked, with the engine running, close to the road near a laundromat. The vehicle had an out-of-state license tag, and the officer approached the driver and requested a driver's license. The driver, who was also the vehicle owner, produced a license and the officer then asked if he could "walk around the car and look with my flashlight." The driver consented to this procedure and the officer then observed appellant in the back seat of the vehicle. Noting that appellant appeared to be nervous and that she had her foot over a matchbox and was "moving her foot around, squirming her foot," the officer concluded that appellant was trying to conceal the matchbox from view. The officer directed appellant to exit the vehicle, whereupon he retrieved the matchbox and ascertained that it contained what appeared to be pieces of crack cocaine.
The officer further testified that he had information from "street talk" and informants that the area was "frequented by drug activity, drug users." Suggesting that a matchbox is a "familiar place" to carry crack cocaine, the officer noted that he had found this substance in a matchbox on at least one other occasion. Acknowledging that he had been suspicious due to the hour of the encounter, the officer could not recall the specific time other than to indicate that it was in the morning when he *362 felt that "probably most reasonable folks" would be asleep.
The trial court found that the circumstances established probable cause to support the challenged search and seizure. On appeal the state argues that appellant, as a passenger in the vehicle, does not have standing to contest this issue. Although now relying upon cases such as State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983), and State v. W.E.T., 399 So.2d 480 (Fla. 1st DCA 1981), the state did not assert this position below, but rather acknowledged that appellant did have standing. The pertinent inquiry in this regard encompasses a substantive fourth amendment analysis as to whether appellant had a reasonable expectation of privacy with regard to the area of the officer's intrusion. See Dean v. State, 478 So.2d 38 (Fla. 1985). While a passenger might not always have a reasonable expectation of privacy within a motor vehicle, see e.g., State v. Sears, 493 So.2d 99 (Fla. 4th DCA 1986), the present case involves sufficient circumstances to establish standing. Appellant did not disavow her possessory interest or privacy as in W.E.T., nor was this a search of another person and a vehicle compartment as in Bartz. Appellant was ordered out of the vehicle and thus seized for the purpose of fourth amendment analysis, whereupon the officer then searched the area which had been within appellant's control, likewise seizing the matchbox and ascertaining its contents. In these circumstances appellant's privacy interest is sufficient to establish standing to challenge the lawfulness of the search and seizure. See generally, Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989); State v. Montano, 527 So.2d 916 (Fla. 3d DCA 1988).
The officer's search for contraband may be upheld in the context of this case only if the circumstances presented a reasonable basis to conclude that such evidence would be found, so as to establish probable cause. See e.g., Caplan v. State, 531 So.2d 88 (Fla. 1988); State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988). While this standard allows a consideration of the totality of the facts and circumstances in light of the officer's practical experience, see Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982), pet. for rev. denied, 426 So.2d 29 (Fla. 1983), the ambiguous nature of the evidence in the present case does not supply the necessary probable cause. A matchbox is an innocuous container with a common lawful use, and the circumstances do not present any further inference which would permit the officer's search and seizure. Since probable cause was lacking, appellant's motion to suppress should have been granted.
The judgment is reversed and the sentence vacated, and the cause is remanded.
ERVIN and MINER, JJ., concur.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I would affirm based on testimony as to the officer's proper observation of appellant's particular effort to hide a container specifically known to the officer by both experience and information to be commonly used for drug packaging.