566 So.2d 937 (1990)
STATE of Florida, Appellant,
v.
Anthony FONTANA, Appellee.
No. 89-1310.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellee was charged by information with possession of cocaine. His motion to suppress physical evidence was granted and the state appealed.
The evidence adduced at the suppression hearing reflected that police officers, patrolling in the early hours of the morning, observed a large number of individuals in the parking lot of a lounge. The area was known for illegal drinking by minors, gang fights, and drugs. Appellee was observed by the officers going and coming from the lounge with different groups of people. Ultimately, he exited the lounge and entered the passenger side of a parked automobile with several other individuals. Prior to entering the car, all of the individuals nervously looked around the parking lot as if to determine if anyone was watching them. Based upon their experience and training, the officers believed a drug transaction was taking place. They therefore drove their unmarked police car to a position behind the car appellee had entered as a passenger, approached said car and shined a flashlight into the interior thereof. Appellee was observed to be furtively trying to conceal something beneath the passenger's seat. The officers ordered him out of the car and, as he stepped out, an officer saw a clear baggie containing a white powdery substance lying on the floor on the passenger's side. The baggie was field-tested for contraband and proved positive. Thereupon, appellee and his companion *938 were arrested and a sizeable sum of money was found on appellee's person. At all times pertinent herein the car in which appellee was a passenger was parked with the engine off.
The state contends the trial court erred in suppressing the evidence because the officers had a founded suspicion under the various circumstances then existing. But more importantly, the state argues that appellee, as a passenger, lacked standing to contest the search and seizure.
In State v. Sears, 493 So.2d 99, 100 (Fla. 4th DCA 1986), which case is in accord with numerous other cases[1], it was held:
Thus, a challenge to the legality of a search and seizure may not be asserted vicariously, but is appropriate only where government intrusion has infringed a party's personal fourth amendment rights. Dean v. State, 478 So.2d 38 (Fla. 1985). A passenger normally has no legitimate expectation of privacy in the interior of the car in which he is riding. (Rakas, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387).
Accordingly, we hold that appellee had no reasonable expectation of privacy in this automobile, and thus lacked standing to contest the search and seizure under attack. We therefore reverse the order appealed from and remand the cause for further proceedings.
HERSEY, C.J., concurs.
STONE, J., dissents, with opinion.
STONE, Judge, dissenting.
In my judgment, the trial court could determine on this record that the contraband was uncovered as the fruit of an unlawful stop and detention of appellee. I would therefore affirm.
NOTES
[1] Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Amoss v. State, 547 So.2d 716 (Fla. 1st DCA 1989); State v. Rome, 500 So.2d 255 (Fla. 1st DCA 1986); State v. Davis, 415 So.2d 82 (Fla. 4th DCA 1982).