GOSHORN, Judge.
The State of Florida appeals the order of the trial court suppressing the marijuana found in an automobile which Lewis was driving and in which Deen was a passenger. A review of the undisputed testimony presented at the suppression hearing shows that the police seized the marijuana as the result of a valid search incident to the lawful arrest of Lewis. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988); State v. Boulia, 522 So.2d 528 (Fla. 2d DCA 1988). The record also shows that Deen failed to demonstrate that he had a legitimate expectation of privacy in the car in which he was a mere passenger. See State v. Fontana, 566 So.2d 937 (Fla. 4th DCA 1990), aff'd, 581 So.2d 585 (Fla.1991); Amoss v. State, 547 So.2d 716 (Fla. 1st DCA 1989). Accordingly, we reverse the suppression order that the trial court entered in favor of both Deen and Lewis and remand the cause for further proceedings.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.