GUNTHER, Chief Judge.
Appellant, Michael Millets, defendant below (Millets), appeals his conviction and sentence for possession of cocaine. Because the trial court erred in denying Millets’ motion to suppress, we reverse.
Millets was charged by information with possession of cocaine. Prior to trial, Millets moved to suppress three cocaine rocks, arguing that the evidence was the fruit of an illegal search. The evidence at the motion to suppress hearing revealed that on May 18, 1994, Officer Witt (Witt) stopped a car for speeding. After learning the driver’s license was suspended, Witt ordered the driver out of the car and the two men proceeded to the rear of the vehicle. As Witt was talking with the driver behind the car, he noticed Millets, the only passenger, acting very “nervous” and “fidgety” in the front passenger’s seat. Because Millets was looking around and “keeping an eye” on Witt, Witt became nervous and proceeded to the passenger side window. As Witt approached the passenger side window, Millets turned back around, leaned back in his seat, and stuffed a piece of folded plastic down the front of his pants. Although Witt was unsure whether the object that Millets had placed down his pants was a baggie, he was positive that the object was not a weapon.
Thereafter, Witt ordered Millets out of the car. After he was advised of his rights, Millets denied sticking anything down the front of his pants. Witt then told Millets that he was under arrest and handcuffed him. Without a patdown of his outer clothing, Witt retrieved the folded 1" by ½" plastic from Millets’ pants which contained three cocaine rocks. At the hearing on the motion to suppress, Witt testified that individuals “frequently” place drugs in their pants and further testified that when he makes a drug related arrest, the drugs are kept in bags most of the time. Ultimately, the trial court denied Millets’ motion to suppress.
Initially, we find that Millets was “arrested” on the night in question. An arrest is a seizure, and a seizure occurs when, considering all of the circumstances surrounding the encounter, “the police conduct would have communicated to a reasonable person that the person was not free to decline the officer’s requests or otherwise terminate the encounter.” Florida v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 2389, 115 L.Ed.2d *791 389, 400 (1991). In the instant ease, it was clear that being handcuffed and told he was under arrest, Millets could not have reasonably thought that he was free to terminate the encounter. Therefore, this encounter was a seizure, and the constitutional safeguards concerning unreasonable searches and seizures were triggered. Id.
The Fourth Amendment of the Constitution and the Florida Constitution guarantee citizens the right to be free against unreasonable searches and seizures. Art. I, § 12, Fla. Const. In determining what is reasonable for purposes of the Fourth Amendment, the Supreme Court of Florida has held that there are different levels of suspicion required for different police-citizen encounters. Popple v. State, 626 So.2d 185 (Fla.1993). An arrest, because of its intrusive nature, must be predicated on probable cause. Id. at 186; Henry v. U.S., 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); § 901.15 Fla.Stat. (1993). The test for probable cause is whether the facts and circumstances within an officer’s knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been committed. McNeil v. State, 512 So.2d 1062, 1064 (Fla. 4th DCA 1987). In determining if probable cause exists, “the totality of the circumstances, i.e., the whole picture, must be taken into account.” State v. Ellison, 455 So.2d 424, 427 (Fla. 2d DCA 1984); See also Elliott v. State, 597 So.2d 916 (Fla. 4th DCA 1992).
The facts and circumstances in the instant case fall short of the probable cause finding necessary for an arrest. The grounds for the arrest in this case more or less resemble a hunch or a mere suspicion, rather than probable cause. The evidence merely presents the “nervous” and “fidgety” behavior of Millets while his companion was being questioned outside of the vehicle. Furthermore, Witt was unable to identify the object Millets placed down his pants. Florida courts have held that even an attempt to conceal an outwardly innocuous object, along with other factors, does not necessarily rise to the level of probable cause. See Griggs v. State, 565 So.2d 361 (Fla. 1st DCA 1990). Finally, Witt’s vague and ambiguous testimony concerning his experience making drug related arrests did not provide the appropriate suspicion needed to make a valid arrest. Accordingly, the above facts and circumstances are insufficient to supply the necessary probable cause. As such, the cocaine rocks, being the fruits of this illegal search, should have been suppressed. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Therefore, the trial court erred in denying Millets’ motion to suppress.
Accordingly, this case is reversed and remanded to the trial court for further proceedings consistent herewith.
FARMER, J., concurs.
STONE, J., dissents with opinion.